# Swann & Billups *v.* Kidd.

*Motion to re-tax Costs on Appeal.*

1. *Tax on appeal for benefit of Supreme Court library; constitutionality of.*—The statute imposing a tax-fee of six dollars in each case decided on appeal by this court, for the benefit of the library (Sess. Acts 1882-83, p. 149), is a legitimate exercise of the taxing power, and is not violative of any constitutional provision.


APPEAL from the Circuit Court of St. Clair.

Motion to re-tax costs on appeal in this court.

SAMUEL F. RICE, for the motion.

PER CURIAM.—The motion is made in this case to re-tax the costs, by striking out the sum of six dollars taxed for the benefit of the Supreme Court Library, under the act of February 23, 1883, and designated as the "Library Tax."

The purpose of this act, as shown by the title, is "to provide a fund for the support of the Supreme Court

Library, without appropriations from the treasury; and for this purpose it is enacted, that, in all suits decided on appeal in the Supreme Court, there shall be taxed, as costs, the sum of six dollars, in each case, to be collected as other costs, and to be paid to the librarian of the court. This sum is designated as the "Library Tax," and is authorized to be expended by the Supreme Court "for maintaining the Supreme Court Library."—Acts 1882–83, p. 149.

It is urged in support of the motion that the law is unconstitutional.

The imposition of tax fees as a part of the costs, in law-suits and prosecutions, has been of immemorial duration in this and other States. The beneficiaries of these fees have been, variously, lawyers, solicitors, officers of the court, the several counties, the State itself, and even the presiding judge who may have decided the cause. That the General Assembly possesses the constitutional power to enact laws of this character, is axiomatic, unless there be some clause in the State or Federal constitution which, directly or indirectly, prohibits it.—*Mangan v. State*, 76 Ala. 60.

The taxing power is nowhere limited to property, in the strict sense of the term. It may extend as well to franchises, privileges, and, incidentally, to admitted constitutional rights. The subjects or objects of taxation are within the discretion of the legislative department, within constitutional limits : and so with their classification, so long as the principle on which it is made is not arbitrary, capricious, and oppressive in operation. *Moog v. Randolph*, 71 Ala. 597, 603.

We are unable to discover any clause in the constitution, to which this law is repugnant. It does not debar any litigant from prosecuting or defending any suit in the appellate court, within the meaning of section eleven (11) of the Declaration of Rights. It merely regulates the right by a small tax, in no wise onerous, or prohibitory in its nature. A constitutional right is often subject to regulation by reasonable incidental taxation, although it can not be impaired or destroyed under the device or guise of being regulated.—*Joseph v. Randolph*, 71 Ala. 499 ; s. c., 46 Amer. Rep. 347.

It is equally obvious, that this tax does not violate section 14 of the Declaration of Rights, providing that the courts shall be open, and "right and justice shall be administered, without sale, denial, or delay." It is certainly no sale of justice. This clause is known to have been taken in substance from *Magna Charta* ; and history shows that its chief purpose was to assail the existing evil of anciently holding courts in clandestine sessions, and of paying fines to the king and his officers, for delaying or expediting law-suits, and for obtaining justice. It has

[Sanders v. Askew.]

no reference to the exercise by the sovereignty of the power of legitimate taxation. The precise point has been settled in other States.—*Harrison v. Willis*, 7 Heisk. 35 ; s. c., 19 Amer. Rep. 604 ; *State v. Board of County Com'rs*, 4 Neb. 537 ; s. c., 19 Amer. Rep. 641.

There is nothing in the suggestion, that the tax is for a private purpose. The maintenance of a library, to aid the judiciary department in the proper administration of the law, is a public benefit—one to which taxes in the treasury have long been appropriated. That the tax is paid directly for the purpose, without the delay and formality of passing through the coffers of the State, can not change its nature. The State itself is virtually the beneficiary of its own bounty.

The case of *S. N. Ala. R. R. Co. v. Morris*, 65 Ala. 193, has no application to this case. See *Smith v. Louisville R. R. Co.*, 75 Ala. 449.

The motion must be denied.