COUNTY OF GRATIOT v. FEDERSPIEL.

1. CONSTITUTIONAL LAW—LAW LIBRARIES—FINES—STATUTES.
     Since the Constitution does not prohibit the legislature from earmarking fines for county law libraries to the detriment of general libraries, a statute effecting such purpose cannot be said to contravene the mandate of the people (Const. 1908, art. 11, § 14).

2. SAME—COUNTY LAW LIBRARIES—STATUTES—CLASSIFICATION.
     Statute allocating varying amounts collected from fines, penalties and forfeitures to county law libraries on a population basis *held*, not unconstitutional class legislation since such libraries are for the use of circuit and probate courts and officers and persons having business in such courts (Comp. Laws 1929, § 15179, as amended by Act No. 180, Pub. Acts 1935).

3. SAME—COUNTY LAW LIBRARIES—ALLOCATION OF FINES, PENALTIES AND FORFEITURES.
     Statute allocating varying amounts collected from fines, penalties and forfeitures to county law libraries on a population basis is not in contravention of provision of Constitution directing application of such moneys to the support of libraries established in townships and cities (Const. 1908, art. 11, § 14; 3 Comp. Laws 1929, § 15179, as amended by Act No. 180, Pub. Acts 1935).

4. Costs—Public Question—Constitutionality of Statutes.

> No costs are allowed in mandamus proceeding to determine constitutionality of statute allocating ·fines to county law libraries, a public question being involved (Const. 1908, art. 11, § 14; 3 Comp. Laws 1929, § 15179, as amended by Act No. 180, Pub. Acts 1935).

Appeal from Gratiot; Davis (Morris K.), J., presiding. Submitted June 26, 1945. (Calendar No. 42,878.) Decided October 8, 1945.

Petition by County of Gratiot and Robert H. Baker for a writ of mandamus to compel William G. Federspiel, treasurer of Gratiot county, to credit to the county law library fund $750 of money collected from fines. Writ granted. Defendant appeals. Affirmed.

*Robert H. Baker,* for plaintiff.

*Roscoe O. Bonisteel,* for defendant.

*Cook, Stipes & Michelson,* for the Board of Commissioners of the State Bar of Michigan, *amicus curiae.*

Bushnell, J.   Defendant William G. Federspiel, treasurer of the County of Gratiot, was granted leave to appeal, so that inquiry might be made into the propriety of a writ of mandamus issued by the circuit court requiring him to credit to the county law library fund of Gratiot county certain moneys paid him ''on account of fines assessed and collected,'' as provided in Act No. 180, Pub. Acts 1935, amending 3 Comp. Laws 1929, § 15179 (Comp. Laws Supp. 1940, § 15179, Stat. Ann. § 27.2224).

The controlling question involved in this appeal is the constitutionality of the act just cited. Defendant contends that this act contravenes the Constitution of 1908, art. 11, § 14, which reads:

"The legislature shall provide by law for the establishment of at least one library in each township and city; and all fines assessed and collected in the several counties, cities and townships for any breach of the penal laws shall be exclusively applied to the support of such libraries."

The act which he urges us to set aside reads:

"Every county treasurer shall keep an accurate account of all moneys paid to him on account of fines, penalties, and forfeitures, and shall credit all fines for the violation of the penal laws to the library fund and all other fines, penalties and forfeitures to the general fund; and he shall account therefor to the board of supervisors at each annual meeting of such board. And in case of the sale of any real estate upon an execution upon judgment rendered for the breach of any recognizance in any criminal case it shall be the duty of the county treasurer, in case there are no bidders to the full amount of any such judgment or the value of the property advertised, to bid off the same; and in case the same shall not be redeemed within the time allowed by law for the redemption thereof, to sell the same for the best price he can obtain therefor, and place the money received in the general fund; *Provided,* That in counties having a population of not less than fifty thousand inhabitants, and not exceeding five hundred thousand inhabitants, according to the last Federal census, the county treasurer shall credit semiannually all fines, penalties and forfeitures to a fund to be known as the 'county law library fund,' up to but not exceeding the sum of one thousand five hundred dollars in any one year, and in all counties having a population of less than fifty thousand inhabitants, the county treasurer shall credit semiannually all fines, penalties and forfeitures to a fund to be known as the 'county law library fund,' up to, but not exceeding, the sum of seven hundred fifty dollars in any one year. All moneys so credited to the county law library fund shall be paid

out by the county treasurer upon the order of the circuit or probate judge or judges elected in said county for the purpose of establishing and maintaining a law library for the use of the circuit and probate courts of such county and for the officers of such courts and persons having business in such courts: *Provided,* That all penalties and forfeitures other than those for the violation of penal laws, paid in the superior court of Grand Rapids, shall be paid by the clerk of said court to the city treasurer of Grand Rapids, who shall credit the same to a fund to be known as the 'superior court law library fund,' up to but not exceeding the sum of one thousand five hundred dollars in any one year. The money so credited shall be paid out only upon order of the judge of the superior court, for the purpose of maintaining the law library for the use of the superior court of Grand Rapids.''

The trial judge posed two questions in his opinion:

''1.   Have law libraries been provided for by the legislature?

''2.   Is a law library a library within the meaning of the terms 'library' or 'such libraries,' as these words are contained in said constitutional provision?''

He then reasoned that if both of these questions can be answered in the affirmative, the act in question is constitutional. He pointed out that the term ''library'' in the constitutional mandate is not qualified by any adjective, and he determined from ordinary definitions of the word that a ''law library'' satisfies the mandate. Various conflicting attorney general opinions are referred to in the record, but, as pointed out by the trial judge in an approved quotation from plaintiff's trial brief:

''A further principle repeatedly restated by our Michigan Supreme Court, is that every statute passed by the legislature is presumed to be consti-

tutional, and that it is only when invalidity clearly appears that a court will refuse to sustain its validity. It is stated in *Cady* v. *City of Detroit*, 289 Mich. 499, 505:

"'Every reasonable presumption or intendment must be indulged in favor of the validity of an act, and it is only when invalidity appears so clearly as to leave no room for reasonable doubt that it violates some provision of the Constitution that a court will refuse to sustain its validity.'

"The legislature has power to adopt a statute, except as it is prohibited by the Constitution; and a statute will not be declared in conflict with the Constitution while serious doubt exists as to such conflict. *Attorney General* v. *State Board of Assessors*, 143 Mich. 73. Doubts as to the constitutionality of a statute should be, if possible, resolved in its favor. *Bowman* v. *Wayne Circuit Judge*, 214 Mich. 518.

"A statute will not be declared to conflict with the Constitution while serious doubts exist as to such conflict. *Attorney General* v. *State Board of Assessors*, 143 Mich. 73.

"In determining whether a statute is constitutional, the court may not seek for some hidden or abstruse meaning in one or more clauses of the Constitution to annul the law, since to do so would be to encroach upon the power of the legislature and make the Constitution instead of construe it. *Bowerman* v. *Sheehan*, 242 Mich. 95 (61 A. L. R. 859).

"In the construction of doubtful statutes all doubt should be resolved in favor of validity when this is consistent. *Union Steam Pump Sales Co.* v. *Secretary of State*, 216 Mich. 261.

"A statute must be presumed to be constitutional unless its repugnancy to the Constitution clearly appears. *Fremont Canning Co.* v. *Waters*, 209 Mich. 178; *Attorney General* v. *Railway*, 210 Mich. 227."

See, also, *Marquardt* v. *Fisher,* 135 Ore. 256, 259 (295 Pac. 499, 77 A. L. R. 265, 269), and *Swann & Bellups* v. *Kidd,* 79 Ala. 431, which uphold statutes requiring taxation of costs in each case tried for the maintenance of law libraries.

Defendant argues that if the act is permitted to stand, the legislature can "earmark" all of the moneys from "fines" to the exclusion of "the establishment of at least one library in each township and city." He directs attention to the fact that the constitutional mandate does not provide a rule for apportioning or equalizing moneys among libraries, and that the act diverts moneys to the "county law library" to the exclusion of others, and that it is possible thereby to deprive libraries "in each township and city" from all financial support. He also attacks the statute as being class legislation.

Assuming that the legislature should earmark all fines for county law libraries to the detriment of general libraries, there is no constitutional inhibition on such action. Unless there is a definite constitutional prohibition, we cannot say that the act in question contravenes the mandate of the people. It is not a question of our judgment in the matter, but that of the law makers. Nor can we say that the classification is arbitrary or unreasonable. This statute pertaining to public affairs does not constitute class legislation because such libraries are "for the use of the circuit and probate courts of such county and for the officers of such courts and persons having business in such courts."

We are forced to conclude, as did the trial judge, that the statute does not contravene the Constitution of 1908, art. 11, § 14.

The order granting the writ of mandamus must be sustained and the writ may issue as directed by

the trial judge. A public question being involved, no costs are allowed.

STARR, C. J., and NORTH, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.