The Legislature, during the 1976 Regular Session, passed two separate acts, Act Nos. 757 and 758, both of which are said to apply to counties of 600,000 inhabitants or more. The title of Act No. 757 reads: ". . . giving constables in all such counties the exclusive power to serve all civil processes in the geographical district or areas for which they were respectively, elected or appointed." Section 2 of Act No. 757 provides that ". . . the constable or his duly authorized deputy is hereby vested with the exclusive power to serve . . . all civil processes issuing out of any court in the state . . ."
The title of Act No. 758 provides for the exclusive authority of constables or their duly authorized deputies to serve all civil subpoenaes in the geographical district or area for which they were respectively elected or appointed, except for jury or grand jury service, and vesting in the sheriffs or their deputies the exclusive authority to serve all criminal subpoenaes. Section 2 of Act No. 758 provides: ". . . the constable or his duly authorized deputy is hereby vested with the exclusive power to serve in the geographical district or area . . all civil processes issuing out of any court in the state . . ."
After these two acts were signed by the governor, the petitioner herein, an attorney for the plaintiff, filed a proceeding in the Circuit Court of Jefferson County, and made a motion to perfect service of the complaint pursuant to Rule 4 (a)(3)(A), Alabama Rules of Civil Procedure. Judge Wallace Gibson, as Circuit Judge, entered an order denying the motion of petitioner to make service of the complaint, because it was his opinion that the foregoing acts required service of the complaint to be made by a constable.
A petition for mandamus was thereupon filed in this court asking this court to declare Acts Nos. 757 and 758 unconstitutional and of no force and effect.
The new Judicial Article of the Constitution, ratified by the people of this state in December, 1973, vests within the Supreme Court of Alabama the power and authority to make and promulgate rules governing administration of all courts within the state, and provides that any rules so promulgated by the Supreme Court can be changed only by an act of the legislature, which act must have state-wide application. Sec. 6.11, Article VI, is carried in Michie's Code as Art. 6, Sec. 150.
The Alabama Rules of Civil Procedure were adopted by the Supreme Court on January 3, 1973. These rules were adopted pursuant to Act No. 1311, adopted by the legislature in its Regular Session in 1971. Rule 4 (a)(3)(A) provides that service of process on resident entities may be made by a person appointed by the court for that purpose. The provisions of this rule have been re-adopted by this court, effective January 16, 1977. It now appears as Rule 4.1 (b)(2).
The legislature implemented the Judicial Article by Act No. 1205, 1975 Legislature, Regular Session. That act provides that any legislation which affects the court systems of Alabama must be a general act of state-wide application, and further requires *Page 912 
that notice to the Administrative Director of Court must be given before the enactment of such legislation.
Act Nos. 757 and 758 are in clear violation of Sec. 6.11, Article VI, Constitution. Rules adopted by this court, authorized by the Constitution of this state, can, by express provision of the Constitution, be changed only by a general act of state-wide application. By their express terms, Act Nos. 757 and 758 can apply only to Jefferson County.
In ratifying the Judicial Article, the people of this state mandated a unified court system, with uniform rules applicable to all citizens of this state. This court has adopted rules applicable in all courts of this state. To change any rule so adopted requires a general act of state-wide application.
Acts Nos. 757 and 758, 1976 Legislature, Regular Session, are violative of Art. VI, Sec. 6.11 of the Constitution and are, therefore, void and of no effect. We, therefore, pretermit any discussion of the effect of the failure to comply with Act No. 1205, Article 6.17, 1975 Regular Session, which requires that any local legislation which pertains to the judiciary must be delivered, by certified copy, to the administrative director of courts.
The writ of mandamus as prayed is due to be granted.
If, upon notification of this decision, the circuit court does not set aside the order denying the motion of the petitioner to be designated as a person to perfect service of the summons and complaint in this cause and directing that the clerk place the summons and complaint in the hands of the constable within whose geographic district the defendant resides and enter, in lieu thereof, an order permitting the summons and complaint to be served in accordance with the provisions of Rule 4.1 (b)(2), ARCP, then a writ to effectuate such ends will issue upon the request of the petitioner.
WRIT GRANTED CONDITIONALLY.
All of the Justices concur except TORBERT, C.J., not sitting.