This is an appeal from a judgment of the Circuit Court of Blount County, Alabama, which held Acts 81-642 and 81-643 of the 1981 Legislature unconstitutional and enjoined John B. Green, as circuit court clerk of Blount County, Alabama, from enforcing the provisions of these acts. The complaint in this case challenged three local acts of the 1981 Legislature relating only to Blount County, as being violative of Ala. Const. art. IV, §§ 96 and 104 (24). The trial court declined to rule on the constitutionality of Act 81-641, but declared that Acts 81-642 and 81-643 violated the provisions of § 96 of art. IV of the Constitution of 1901 and were therefore unconstitutional, null and void, and of no force and effect.
The trial court first granted a temporary injunction and allowed the attorney general 10 days to file responsive pleadings, since the case challenged the constitutionality of an act of the Legislature. The attorney general did not file a responsive pleading, and, therefore, the injunction was made permanent by the trial court. The defendant appeals this decision, and we affirm.
Act No. 81-641 taxed as costs, in addition to all other costs, $20.00 for service of suit papers by the sheriff arising out of criminal or civil actions instituted outside the state, with such funds paid into the general fund of the county designated for the sheriff and to be used for the costs and expenses of serving papers or documents. Act No. 81-642 taxed as costs, in addition to all other costs, $12.50 for the service of suit papers by the sheriff arising out of any civil or quasi-civil proceedings in the courts, with these funds to be used for the same purposes as provided in Act No. 81-641. Act No. 81-643 taxed as costs, in addition to all other costs, $10.00 upon conviction of any criminal offense, misdemeanor or felony, to be paid into the general fund of the county and used exclusively for the maintenance and supervision of the county jail building. It is clear that these local acts levy a tax upon litigation in the form of "costs and charges of courts" within the purview of § 96 of the Constitution of 1901.
Section 96 of the Constitution declares the public policy of the state with respect to the costs and charges of courts as follows:
 "The legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers."
Ala. Const. art. IV, § 96.
The complaint also claimed that the acts in question violated § 104 (24) of the Constitution of Alabama, which provides in pertinent part:
 "The legislature shall not pass a special, private, or local law in any of the following cases:
. . . .
 (24) Creating, increasing, or decreasing fees, percentages, or allowances of public officers. . . ."
Ala. Const. art. IV, § 104 (24).
Our Constitution mandates uniformity in the costs and charges of courts, as well as the fees, percentages, and allowances to public officers. Morgan County v. Edmonson, 238 Ala. 522,192 So. 274 (1939); Vaughan *Page 413 v. State ex rel. Barker, 212 Ala. 461, 103 So. 38 (1925). These two constitutional provisions are complementary, since at the time the Constitution of 1901 was ratified many public officials, including court officials, were compensated from the fees, costs, and charges of court. At the present time, most public officials, and all judicial officers, are compensated by salaries and not from fees, percentages, and allowances accruing from the costs and charges of courts. Accordingly, since no issue was presented respecting the fees, percentages, and allowances of public officers, the trial court did not deem it necessary to address this claim of constitutional violation.
As stated above, the purpose of § 96 is "to secure uniformity throughout the State as to costs and charges of court, fees, commissions, percentages and allowances of public officers. Like charges for like service rendered." Morgan County v.Edmonson, 238 Ala. 522, 526, 192 So. 274, 276-77 (1939). Acts 81-642 and 81-643 are local acts applying only to Blount County and as such are contrary to, and in violation of, § 96. Garmonv. Thornton, 255 Ala. 136, 50 So.2d 402 (1951); Vaughan v.State ex rel. Barker, 212 Ala. 461, 103 So. 38 (1925).
Section 105 of the Constitution of Alabama provides:
 "No special, private, or local law, except a law fixing the time of holding courts, shall be enacted in any case which is provided for by a general law, or when the relief sought can be given by any court of this state; and the courts, and not the legislature, shall judge as to whether the matter of said law is provided for by a general law, and as to whether the relief sought can be given by any court; nor shall the legislature indirectly enact any such special, private, or local law by the partial repeal of a general law."
Ala. Const. art. IV, § 105.
Amendment No. 375, which amended § 110 of the Constitution of Alabama, defines a general law as one "which in its terms and effect applies either to the whole state, or to one or more municipalities of the state less than the whole in a class." A local law is defined as "a law which is not a general law or a special or private law." Ala. Const. amend. 375.
It must be pointed out that costs and charges of court are already provided for by general law under Code 1975, §12-19-20. This section provides that court fees in both civil and criminal cases in circuit and district courts "shall be uniform for each type of case and each court level." This section also states that the prescribed court fees, except for certain specifically enumerated funds and taxes not applicable here, "shall be exclusive of all other fees." (Emphasis supplied.)
Section 105 of the Constitution of Alabama was addressed inPeddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978), when this Court stated:
 "When we see the phrase `provided for' preceded by the words `No . . . local law,' we are bound to consider the phrase as one of restraint and limitation pertaining to matters of the same import dealt with in the general law. Section 105, then, is an additional constitutional proscription upon the type or kind of legislation which the legislature is allowed to enact, following as it does § 104 which also contains limitations upon the legislative power."
354 So.2d at 811. The court further explained:
 "We do not look upon the presence of a general law upon a given subject as a bare segment, but to the contrary, its presence is primary, and means that a local law cannot be passed upon that subject. By constitutional definition a general law is one which applies to the whole state and to each county in the state with the same force as though it had been a valid local law from inception. Its passage is none the less based upon local considerations simply because it has a statewide application, and already having that effect, the constitutional framers have prohibited the enactment of a local act when the subject is already subsumed by the general statute."
354 So.2d at 813. (Emphasis in original.)
Thus, in this case, since the Legislature has already enacted a general law pertaining *Page 414 
to the costs and charges of court (§ 12-19-20), Acts 81-642 and 81-643 are repugnant to § 105 of the Constitution of Alabama. See, Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978); Opinion of the Justices No. 288, [MS. February 2, 1982]425 So.2d 407 (Ala. 1982).
At this juncture, it is important to note that Ala. Const. amend. § 344 appears to exempt Blount County from the application of the above mentioned constitutional provisions. Amendment 344 provides in pertinent part:
 "The legislature may, from time to time, by general or local laws applicable to or operative in Blount county and approved by a majority of the qualified electors of Blount county at a referendum election, fix, regulate, and alter the costs and charges of courts and the fees, commissions, allowances and salaries, including the method and basis of their compensation, to be charged or received by the probate judge, tax assessor, and the tax collector of Blount county. . . ."
Ala. Const. amend. 344.
In order to effect a change in the manner of the compensation of public officials from a "fee basis" to a fixed salary, it was necessary to amend our Constitution. Accordingly, amendments of this kind were used to effectuate the change to place public officials on a basis of compensation not related to nor dependent upon the costs and charges of courts.[1]
Amendment 344 only authorizes the Legislature to change, through local legislation, the costs and charges of court as the same relate to the fees, commissions, and allowances to be charged or received by the Blount County probate judge, tax assessor, and tax collector. The circuit clerk and the register are state, rather than county, officials and their basic compensation has been established by general law on a salary basis and is paid by the state. See Code 1975, § 12-17-92. Accordingly, amendment 344 does not exempt Blount County from the provisions of § 96.
Historically, our state has guarded the basic right of citizens to have open access to our courts. The Constitution of 1875 provided in § 14, art. I:
 "That all courts shall be open, and that every person, for any injury done him in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."
Ala. Const.1875, art. I, § 14.
This provision was brought forward into our present Constitution in § 13 of art. I.
Of course, the imposition of a small tax or fee as a part of court costs in litigation has been recognized immemorially in this state and in other states, Swann Billups v. Kidd,79 Ala. 431 (1885), and, such costs being valid, it is within the discretion of the Legislature to impose them so long as they are not arbitrary, capricious, or oppressive in their operation and effect, Moog v. Randolph, 77 Ala. 597 (1884). "A constitutional right is often subject to regulation by reasonable incidental taxation, although it cannot be impaired or destroyed under the device or guise of being regulated."Swann Billups v. Kidd, supra. See also, State ex rel.Davidson v. Gorman, 40 Minn. 232, 41 N.W. 948 (1889).
Our modern Judicial Article, Amendment 328, ratified December 27, 1973, provides for a unified court system with uniform jurisdiction for each of the several courts established therein, both appellate and trial courts. Uniform rules of procedure and administration are authorized, which may be changed only by a general act of statewide application. Ala. Const., art. VI, (Amendment 328) § 6.11.
 "In ratifying the Judicial Article, the people of this state mandated a unified court system, with uniform rules applicable to all citizens of this state. This court has adopted rules applicable in all courts of this state. To change any rule so adopted requires a general act of statewide application."
Cowin Equipment Co. v. Robison Mining Co., 342 So.2d 910 at 912 (Ala. 1977). *Page 415 
The public policy of our state spoken to by constitutional provisions on the subject of uniformity is best summarized by Justice Bouldin in the case of Vaughan v. State ex rel. Barker,supra, as follows:
 "The general thought, as heretofore expressed in our decisions, is uniformity throughout the several counties of the state where costs and fees accrue. We may add that this principle of uniformity — like pay for like service — does not prevent the classification of all the counties by general law on a basis of population or tax values, in fixing a just allowance for ex officio services, as found in code of 1923, § 7280. Indeed some such classification is necessary to any semblance of uniformity. But in fixing the classification it is the mandate of section 96 that it shall cover and be applicable to all the counties of the state, and not to a single class within specified limits of population."
Vaughan v. State ex rel. Barker, 212 Ala. 461 at 462-463,103 So. at 39.
For the foregoing reasons the judgment of the trial court is to be affirmed.
AFFIRMED.
All Justices concur.
[1] See, e.g., Ala. Const. amends. 345, 346, 347, 353, 359, 360, 367, and 391.