PEOPLE v REGELIN

Docket No. 108266. Submitted *October 5, 1988*, at *Grand Rapids.* Decided July 5, 1989.

Loren Regelin pled guilty in the Muskegon Circuit Court to delivery of more than 50 grams and less than 225 grams of cocaine. The trial court, R. Max Daniels, J., sentenced him to ten to twenty years imprisonment. Defendant appealed.

The Court of Appeals *held:*

1. The trial court responded to defendant's claims of inaccuracies in the presentence report and did not rely on the claimed inaccuracies when determining defendant's sentence.

2. The sentence provided in the statute defendant violated does not violate the prohibition against cruel and unusual punishment.

3. Defendant's sentence does not shock the conscience of the Court of Appeals.

Affirmed.

1. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A sentencing court has a duty to respond to a defendant's allegation of inaccuracy in a presentence report; however, the court's duty to respond does not mean that the court must conclusively resolve the dispute, instead, it means simply that the court must act; the court has wide latitude in deciding what action to take.

2. CRIMINAL LAW — SENTENCING — CONTROLLED SUBSTANCES.

The sentencing provision imposing a sentence of from ten to twenty years imprisonment for a conviction of delivery of more than 50 grams and less than 225 grams of cocaine does not

REFERENCES

Am Jur 2d, Appeal and Error §§ 159, 867; Constitutional Law §§ 150 *et seq.*; Criminal Law §§ 527, 538, 539, 606, 625, 626, 627, 629.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusual punishment. 33 ALR3d 335.

result in cruel and unusual punishment (MCL 333.7401[2][a][iii]; MSA 14.15[2][a][iii]).

3. STATUTES — CONSTITUTIONAL LAW.

The constitutionality of a statute is presumed and its validity will be sustained unless it clearly appears, so as to leave no room for reasonable doubt, that it violates some provision of the constitution.

4. APPEAL — CRIMINAL LAW — SENTENCING.

The Court of Appeals may review a trial court's exercise of discretion in sentencing; however, relief may be afforded only if the Court finds that the trial court abused its sentencing discretion to the extent that it shocks the conscience of the Court of Appeals.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Sr. Assistant Prosecuting Attorney, for the people.

*Howard & Quinn, P.C.* (by *Michael B. Quinn),* for defendant.

Before: DANHOF, C.J., and HOOD and R. L. OL-ZARK,* JJ.

R.L. OLZARK, J. Defendant, Loren Regelin, pled guilty to delivery of more than 50 grams and less than 225 grams of cocaine, contrary to MCL 333.7401(1); MSA 14.15(7401)(1), and was sentenced to a term of ten to twenty years in prison, MCL 333.7401(2)(a)(iii); MSA 14.15(2)(a)(iii). He appeals as of right, alleging the trial court erred by relying on inaccurate information in the presentence investigative report, the statute is unconstitutional, and finally, the court abused its discretion in imposing a sentence of ten to twenty years. We disagree and affirm.

Defendant alleges that the sentencing court

* Circuit judge, sitting on the Court of Appeals by assignment.

erred by relying on inaccurate information in defendant's presentence investigation report. Sentencing courts have a duty to respond to allegations of inaccuracy in a presentence report. *People v Barnett,* 165 Mich App 311, 319; 418 NW2d 445 (1987). However, the duty to respond does not mean that the court must conclusively resolve the dispute. Instead, it means simply that the court must act. In deciding what action to take, the sentencing court has wide latitude. *People v Pierce,* 158 Mich App 113, 116; 404 NW2d 230 (1987). There are many ways, in the exercise of its discretion, that a sentencing court may meet this problem. The court may accept unsworn statements of the defendant. The court may ascertain that the disputed matter is not relevant to its decision, or is of little weight, or could be safely disregarded without a determination of its accuracy in light of other facts. *Pierce, supra,* p 117.

At sentencing, defendant alleged that the presentence report's statement that defendant had been dealing cocaine and marijuana for the last nine years was not true. Defendant stated he had been selling cocaine for only the two previous years. However, defendant admitted to selling marijuana since he was fourteen. Defendant also pointed out that the presentence report stated he sold his possessions to finance a cocaine purchase, but, in fact, they were sold to finance a marijuana purchase. Defendant also disputed the presentence report's statement that he quit his job to sell cocaine full time and stated he was laid off from his job.

The sentencing court addressed defendant's objections to the presentence report. As to the alleged inaccuracies, the sentencing court stated, "[i]t doesn't make any difference as far as the sentence." Obviously, the sentencing court ruled

that the inaccuracies in the presentence report were either not relevant or of little weight to the sentencing court's decision on a sentence for defendant. The sentencing court responded to defendant's allegations and did not rely on the claimed inaccuracies when determining defendant's sentence. We find no merit in this claim.

Defendant challenges the constitutionality of the statute, contending that the sentence provided for therein violates the state and federal constitutional prohibition against cruel and unusual punishment (US Const, Am VIII; Const 1963, art 1, § 16). The constitutionality of a statute is presumed and its validity will be sustained unless it clearly appears, so as to leave no room for reasonable doubt, that it violates some provision of the constitution. *Gratiot Co v Federspiel,* 312 Mich 128; 20 NW2d 131 (1945); *Cady v Detroit,* 289 Mich 499; 286 NW 805 (1939).

Defendant points out that another panel of this Court found the sentence provision of another section of the controlled substances article of the Public Health Code to impose cruel and unusual punishment and, therefore, to be constitutionally infirm. *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988). In *Schultz, supra,* the defendant was convicted of possession of more than 225 grams but less than 650 grams of cocaine. The sentencing provisions of the statute involved in *Schultz* then provided for a minimum term of twenty years and a maximum term of thirty years. MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). Defendant Schultz received a sentence of from twenty to thirty years. Subsequently, the statute involved there was amended and the mandatory minimum under the section was reduced to ten years. A further amendment allows the sentencing court to depart from the minimum term "if the

court finds on the record that there are substantial and compelling reasons to do so." MCL 333.7403(3); MSA 14.15(7403)(3). Prior to the amendment of the statute involved in this case, the sentence provision specified a minimum term of ten years and a maximum of twenty years or placement on probation for life. MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The amended statute changed the minimum to five years, subjected it to the court's discretion as similarly provided in § 7403, and eliminated the probation-for-life alternative.

The *Schultz* panel, in determining the statute to be invalid, cited *People v Lorentzen,* 387 Mich 167; 194 NW2d 827 (1972), and stated:

> [T]he Supreme Court established a three-prong analysis for determining whether a given punishment is cruel and unusual. The first consideration is whether the punishment is proportionate to the crime. Next, an analysis of evolving standards of decency is considered. Finally, the prospects of rehabilitation must be considered. [172 Mich App 686.]

The panel placed heavy reliance on the amendment to the statute to support a conclusion that the Legislature tacitly admitted the sentence specified was not proportionate to the crime. It further made reference to the evolving standards of decency analysis and cited the dissenting opinion in *People v Harman,* 124 Mich App 93, 104; 333 NW2d 591 (1983), lv den 417 Mich 1100.45 (1983), which proposed that the sentencing provision imposing a mandatory life sentence for conviction of possession of 650 grams or more of cocaine constituted cruel and unusual punishment. More significantly, the *majority* in *Harman* found otherwise. Finally, the *Schultz* panel alluded to the prospects of rehabilitation, noting that the defendant was a

young man who, prior to this incident, was a model citizen.

Keeping in mind the presumption of constitutionality, we first consider whether the punishment was proportionate to the crime. In *People v Lorentzen, supra,* decided in 1972, the Supreme Court held that a statute imposing a twenty-year mandatory sentence for the sale of marijuana failed to meet the test of proportionality to the crime. After an analysis of various cases, the Court observed:

> It will be seen from the above discussion of the leading United States Supreme Court case and cases decided by this Court that the dominant test of cruel and unusual punishment is that the punishment is in excess of any that would be suitable to fit the crime. [387 Mich 176.]

The Court noted the penalty was equally as applicable to a first offender high school student as it was to a wholesaling racketeer and (unlike the present statute) made no provisions for different penalties when different quantities of the drug were involved.

We return to the question of whether the sentence set forth in this statute (prior to the amendment) was disproportionate to the crime. We first of all note that the statute creates different penalties for the sale of different quantities and that the section under which defendant was sentenced provides for probation, albeit for life. Further, considering the devastating effect drug usage, in particular cocaine, is having on today's society, it is reasonable to conclude that the minimum sentence under which defendant was sentenced, while harsh, is proportionate to the crime and does not equate to cruel and unusual punishment.

As to evolving standards of decency, we do not interpret this to be a one-way street. One would have to have been cloistered for the past decade not to be aware of the terrible toll drug usage has taken both on the lives of many innocent people as well as economic losses incurred by society attributable to the tremendous increase in drug-related crimes. Applying the evolving standard of decency analysis, we find the sentence provisions to be constitutionally permissible.

We also find the *Schultz* panel's reliance on the amendment to support a conclusion that the Legislature recognized a constitutional infirmity in the existing statute to be arguable. An analysis of the bill prepared by the Senate Fiscal Agency indicates the prime concern of the Legislature was that many drug dealers were avoiding imprisonment by selling only a small quantity to a buyer upon the initial contact in case it turned out the buyer was an undercover narcotics officer. Hence, the law was amended to mandate imprisonment for the sale of even small quantities of illegal drugs as well as removing the option of lifetime probation for the sale of large quantities. In a concluding sentence, it was observed that some criticized the law for excessive rigidity in its prescription of mandatory prison terms. While the Legislature may have recognized the sentence under the existing statute to be excessively rigid, this is a far cry from concluding they acknowledged the existing provisions to be violative of the constitutional guarantees against cruel and unusual punishment.

This Court favors indeterminate sentencing and subscribes to the Socratic expression that "there is no greater injustice than to treat unequal things equally." Hence, a sentencing court should be allowed wide latitude to fashion a sentence that

will take into account whether the offender is a youthful first-time offender or a repeatedly convicted hard-core felon. Nevertheless, it is a legislative prerogative to prescribe sentences and, unless constitutional boundaries are crossed, it must be honored by the courts. *People v Harman, supra; People v Piasecki,* 333 Mich 122; 52 NW2d 626 (1952); *Attorney General v Recorder's Court Judge,* 341 Mich 461; 67 NW2d 708 (1954).

A final consideration is the rehabilitation of the offender. This Court does not feel that the constitutionality of a statute should be determined by rehabilitative prospects which may well vary from case to case and judge to judge. The statement of the Court in *Lorentzen, supra,* in this regard appears to be more in the nature of dicta, but even if it is considered to be a standard that must be applied, the instant case is distinguishable. In both *Lorentzen, supra,* and *Schultz, supra,* the offender was described as a previously unconvicted model citizen. The defendant herein, while without a prior conviction, admittedly had been engaged in the sale of cocaine for two years and the sale of marijuana on and off from the time he was fourteen. Parenthetically, while the rehabilitation prospect is appropriately considered in sentencing, other factors such as deterrence and punishment are also properly taken into account. We conclude that the sentencing provision, while severe, is not such that it clearly establishes the invalidity of the statute.

Finally, defendant asserts that his sentence of ten to twenty years was excessive and that he should have received life probation as allowed by the statute. Under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), this Court may review a trial court's exercise of discretion in sentencing. However, relief may be afforded only if we find

that the trial court abused its sentencing discretion to the extent that it shocks the conscience of this Court. *People v McNeal,* 152 Mich App 404, 417; 393 NW2d 907 (1986).

As noted, while conviction free, defendant was an admitted cocaine dealer for two years and sold marijuana on and off since he was fourteen. It is tragic that his drug involvement has produced this result in his life. It is equally, if not more so, tragic that it has had dire consequences on the lives of those to whom he sold drugs and society in general. The sentence does not shock the conscience of this Court.

Affirmed.