PEOPLE v ARNOLD

Docket No. 110631. Submitted July 12, 1989, at Lansing. Decided August 28, 1989. Leave to appeal applied for.

Howard J. Arnold was convicted on his plea of guilty in Genesee Circuit Court, Judith A. Fullerton, J., of delivery of more than 50 grams but less than 225 grams of cocaine. At sentencing, defendant and his attorney argued that the appropriate sentence would be life probation; however, the trial court, after reviewing all the circumstances, decided that probation was not appropriate and sentenced defendant to from ten to twenty years imprisonment. Defendant appealed, arguing that, since he pled guilty on April 13, 1988, and was sentenced on May 20, 1988, he should have been sentenced under the amended statute which reduced the mandatory minimum sentence to five years and gave the trial court discretion to depart from the mandatory minimum and that the ten-year minimum sentence that was actually imposed constituted cruel and unusual punishment.

The Court of Appeals held:

1. Since the criminal activity giving rise to the conviction took place prior to the March 30, 1988, amendment of the statute and the Legislature give no express indication that the provisions of the prior statute were void, defendant was properly sentenced under the provisions of the statute prior to its amendment.

2. The ten-year minimum sentence does not constitute cruel and unusual punishment.

Affirmed.

1. CONTROLLED SUBSTANCES — SENTENCING — AMENDED STATUTES.

A person convicted of delivery of more than 50 grams but less than 225 grams of cocaine is properly sentenced under the provisions of the statute prior to its March 30, 1988, amend-

REFERENCES

Am Jur 2d, Criminal Law §§ 590, 629.

Comment Note.—Length of sentence as violation of constitutional provisions prohibiting cruel and unusal punishment. 33 ALR3d 335.

ment where the criminal activity giving rise to the conviction occurred prior to March 30, 1988, even though the sentence was imposed after March 30, 1988 (1987 PA 275, § 1; MCL 333.7401[2][a][iii] and [4]; MSA 14.15[7401][2][a][iii] and [4]).

2. CONTROLLED SUBSTANCES — SENTENCING — CRUEL AND UNUSUAL PUNISHMENT.

The sentencing provision imposing a sentence of from ten to twenty years imprisonment for conviction of delivery of more than 50 grams and less than 225 grams of cocaine does not result in cruel and unusual punishment (MCL 333.7401[2][a][iii]; MSA 14.15[2][a][iii]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *G. L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*George C. Bush,* for defendant on appeal.

Before: SHEPHERD, P.J., and BEASLEY and GRIBBS, JJ.

PER CURIAM. Pursuant to a plea bargain agreement, defendant pled guilty on April 13, 1988, to delivery of more than 50 grams but less than 225 grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii). The factual basis of the plea was defendant's admission that on February 2, 1988, he delivered a package of cocaine to an undercover police officer in exchange for $4,500. The package contained over eighty grams of cocaine. Defendant was sentenced on May 20, 1988, to from ten to twenty years imprisonment. He appeals as of right seeking resentencing. We affirm.

At sentencing, defendant and his attorney asserted that the life probation sentence authorized by the statute would be an appropriate penalty for defendant's offense. However, the trial court con-

cluded from a consideration of defendant's background, which included three prior felony convictions, the circumstances of the offense and other sentencing factors that the alternative penalty authorized by the statute should be imposed. Accordingly, defendant was sentenced to the statutory mandatory minimum of ten years imprisonment.

For the first time on appeal, defendant claims he should have been sentenced under the amendment to the statute, effective March 30, 1988, which eliminated the life probation option, reduced the mandatory minimum prison term to five years, and also gave the trial court discretion to depart from the mandatory minimum when there are substantial and compelling reasons to do so. See 1987 PA 275, § 1; MCL 333.7401(2)(a)(iii) and (4); MSA 14.15(7401)(2)(a)(iii) and (4). Defendant asserts that the amendment repealed the former penalties by implication effective March 30, 1988, and, hence, he should have been sentenced on May 20, 1988, under the amended statute. We disagree for the reason that MCL 8.4a; MSA 2.214 unambiguously provides that, unless there is a specific provision voiding a former law, any actions pending on the effective date of a new law are saved. See *People v Gravedoni,* 172 Mich App 195, 197; 431 NW2d 221 (1988). The Legislature did not expressly void the former penalties under the statute when enacting the amendment. Further, the instant action against defendant was pending on the effective date of the amended statute. Accordingly, the trial court correctly sentenced defendant under the former statute.

Defendant also contends that the mandatory minimum prison term under the former statute constituted cruel and unusual punishment. Defendant asserts that the amendment to the statute

signals recognition by the Legislature that the mandatory minimum of ten years was cruel and unusual punishment. We disagree.

In *People v Regelin,* 178 Mich App 128, 134-135; 443 NW2d 436 (1989), this Court explained the Legislature's intent as follows:

> An analysis of the bill prepared by the Senate Fiscal Agency indicates the prime concern of the legislature was that many drug dealers were avoiding imprisonment by selling only a small quantity to a buyer upon the initial contact in case it turned out the buyer was an undercover narcotics officer. Hence, the law was amended to mandate imprisonment for the sale of even small quantities of illegal drugs as well as removing the option of lifetime probation for the sale of large quantities. In a concluding sentence, it was observed that some criticized the law for excessive rigidity in its prescription of mandatory prison terms. While the Legislature may have recognized the sentence under the existing statute to be excessively rigid, this is a far cry from concluding they acknowledged the existing provisions to be violative of the constitutional guarantees against cruel and unusual punishment.

> This Court favors indeterminate sentencing and subscribes to the Socratic expression that "there is no greater injustice than to treat unequal things equally." Hence, a sentencing court should be allowed wide latitude to fashion a sentence that will take into account whether the offender is a youthful first-time offender or a repeatedly convicted hard-core felon. Nevertheless, it is a legislative prerogative to prescribe sentences and, unless constitutional boundaries are crossed, it must be honored by the courts. *People v Harmon* [124 Mich App; 93; 333 NW2d 591 (1983), lv den 417 Mich 1100.45 (1983)]; *People v Piasecki,* 333 Mich 122; 52 NW2d 626 (1952); *Attorney General v Recorder's Court Judge,* 341 Mich 461; 67 NW2d 708 (1954).

The Court went on to hold that the mandatory prison term under the statute at issue here (prior to amendment) did not constitute cruel and unusual punishment. Contrast *People v Schultz,* 172 Mich App 674; 432 NW2d 742 (1988), lv gtd 432 Mich 891 (1989), which held that another section of the statute was cruel and unusual punishment. The *Regelin* Court discussed, but did not follow, the rationale of *Schultz.* Because we agree with the rationale of *Regelin,* we conclude that defendant's sentence does not constitute cruel and unusual punishment. Accordingly, defendant's sentence is affirmed.

Affirmed.