I concur in the result only, because I see the issue as being whether the original notice of appeal must be filed, or whether a copy of the original notice of appeal and security for costs timely filed is sufficient to invoke the jurisdiction of the circuit court.
In this case the record reflects that the notice of appeal and the security for costs were "faxed" from Alexander City, Alabama, to Talladega with instructions on the transmittal sheet to "please take to clerk's office." The facsimile copy of the notice of appeal and security for costs was timely filed at 4:04 p.m. on January 2, 1992. An appeal exists only by the grace of either a statute or a supreme court rule and must be perfected within the time and in the manner therein prescribed or it must be dismissed. Crawford v. Ray Pearman LincolnMercury, 420 So.2d 269 (Ala.Civ.App. 1982). Section12-12-70(a), Code 1975, provides that "[a]ny party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment . . ., together with security for costs as required by law or rule." This statute does not state that the notice must be an original; therefore, I would hold that the timely filing of a copy of a properly executed notice of appeal and security for costs would be sufficient to comply with the manner prescribed by § 12-12-70(a).
In ratifying the new Judicial Article of the Constitution, the people of this state mandated a unified court system with uniform rules. Cowin Equipment Co. v. Robison Mining Co.,342 So.2d 910 (Ala. 1977). The Judicial Article vested within the Supreme Court of Alabama the power and authority to make and promulgate rules governing the administration of the courts.Cowin. These rules can be changed only by a statewide act of the legislature or, of course, by the supreme court itself.Cowin.
While I may agree that it may be time for our supreme court to consider and promulgate a rule to allow facsimile filing, it must be done so as to ensure uniformity in all the courts and clerks' offices within the state. Cowin. *Page 929