The plaintiffs — John Fox, Pat Booher, Vickie Allen, and Jimmy Farris — sued Guy Hunt, Robin Swift, Robert Childree, Polly Conradi, Debra Hackett, and Jackie Calhoun, in their respective capacities as Governor, director of finance, state comptroller, and circuit court clerks.[1] The complaint sought class certification for the plaintiffs as representatives of that class of plaintiffs in prior civil lawsuits that had paid the statutory $50 civil jury trial fee, pursuant to §§12-19-71(4) and -72(4), Ala. Code 1975. The complaint alleged that all statutory fees required to be paid for a jury trial in a civil action were unconstitutional. An amended complaint filed August 30, 1991, alternatively challenged only that part of the fee paid into the "state general fund" as an unconstitutional "tax" on the right to have a jury in a civil trial. See § 12-19-72(4) (allocating $40 of the $50 jury trial fee to the state general fund).
The trial court denied the plaintiffs' request for class certification and entered a summary judgment in favor of the defendants. The plaintiffs appealed, challenging the $50 jury trial fee, §§ 12-19-71(4) and -72(4), as violating Ala. Const. 1901, § 11, guaranteeing the right to jury trial, and § 13, the open courts provision. The facts of this case are not disputed; therefore, this Court must determine whether the defendants were entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.
This Court has held that the Legislature is constitutionally empowered to impose fees for the benefit of the judiciary.
 "The imposition of [filing] fees as a part of the costs, in law-suits and prosecutions, has been of immemorial duration in this and other States. The beneficiaries of these fees have been, variously, lawyers, solicitors, officers of the court, the several counties, the State itself, and even the presiding judge who may have decided the cause. That the General Assembly possesses the constitutional power to enact laws of this character, is axiomatic. . . ."
Swann v. Kidd, 79 Ala. 431, 432 (1885).
In Green v. Austin, 425 So.2d 411, 414 (Ala. 1982), this Court held: *Page 1366 
 "[T]he imposition of a small tax or fee as a part of court costs in litigation has been recognized immemorially in this state and in other states, Swann Billups v. Kidd, 79 Ala. 431 (1885), and, such costs being valid, it is within the discretion of the Legislature to impose them so long as they are not arbitrary, capricious, or oppressive in their operation and effect, Moog v. Randolph, 77 Ala. 597 (1884). 'A constitutional right is often subject to regulation by reasonable incidental taxation, although it cannot be impaired or destroyed under the device or guise of being regulated.' Swann Billups v. Kidd, supra. See also, State ex rel. Davidson v. Gorman, 40 Minn. 232, 41 N.W. 948 (1889)."
(Emphasis supplied.)
The guarantee of a right to trial by jury is not a guarantee of the "right to litigate without expense"; therefore, requiring the payment of a reasonable jury fee is not an infringement on the right to a trial by jury. 50 C.J.S.Juries § 117 (1947). However, a jury trial fee may be unconstitutional if it is "arbitrary, capricious, or oppressive." Id.; see also Green, 425 So.2d at 414.
The reasoning behind allowing jury trial fees was stated by the Supreme Court of Wisconsin in Portage County v. Steinpreis,104 Wis.2d 466, 472-73, 312 N.W.2d 731, 734 (1981):
 "Many additional costs are incurred when a jury trial is demanded. A share of these costs must be paid by the litigants or all must be paid with government tax revenues. It is only fair that the litigants bear a reasonable portion of the expense incurred due to the exercise of their rights unless determined by the court to be indigent. One should not be entitled to exercise his constitutionally protected rights at the expense of others if financially able to bear his share of the costs. One's exercise of constitutional rights is not unduly burdened by the imposition of such reasonable costs. Surely one exercising the freedom of speech is not constitutionally entitled to the free use of printing presses or communications media. Similarly, one demanding a jury trial is not entitled to avoid paying any of the costs of the jury.
 "The general constitutionality of jury fees . . . is clear. . . . This court, however, has recognized that there are limits beyond which the legislature may not go in imposing such fees. That limit has been described as the point at which the fee becomes 'an unreasonable regulation of the right.' Because of this limit, the role of a court when a jury fee is challenged 'is to review the fee for that excessiveness which would impair the right.' "
(Citations omitted.)
We hold that the Legislature may assess a jury trial fee in civil actions and such a fee will not be unconstitutional unless it is arbitrary, capricious, or oppressive.
Fox and the other plaintiffs argue that the statutory jury trial fee is actually a tax imposed for purposes of increasing the general fund, and that a tax on the right to a trial by jury is unconstitutional. They argue in their brief that the Alabama constitutional protections of the right to trial by jury and the right to open courts "were trampled by the State when the . . . jury tax statute was enacted to raise funds for the general fund and was not directly related to the administration of the court system or the implementation of jury trials." Because a portion of the jury trial fee is paid into the State's general fund, the plaintiffs argue that the $50 fee is a tax because, they say, its purpose is to increase the State's general fund for the benefit of other state programs at the expense of the right to jury trial.
The plaintiffs depend upon a Texas case, LeCroy v. Hanlon,713 S.W.2d 335 (Tex. 1986), to argue that the jury trial fee is actually an unconstitutional tax on those plaintiffs seeking to exercise their constitutional right to a jury trial in a civil action. According to the plaintiffs, the Texas Supreme Court inLeCroy held that a similar jury fee law, which allocated $40 of a $75 fee to the state general fund, amounted to a general revenue tax on the right to litigate; *Page 1367 
therefore, the court held, the fee statute violated the open-courts provision of the Texas constitution. The Texas court stated:
 "We hold that filing fees that go to state general revenues — in other words taxes on the right to litigate that pay for other programs besides the judiciary — are unreasonable impositions on the state constitutional right of access to the courts. Regardless of its size, such a filing fee is unconstitutional for filing fees cannot go for non-court-related purposes."
LeCroy, 713 S.W.2d at 342 (emphasis added).
The Texas Supreme Court went on to hold that the filing fee was unconstitutional because the fee was "a general revenue tax on the right to litigate: the money goes to other statewide programs besides the judiciary." Id. at 341. In a footnote, a majority of the LeCroy court stated that the approximately $11 million raised by the fees "flows out of the treasury at random." Id. at 341 n. 9. The judiciary accounted for only .5% of the total state budget; therefore, the LeCroy majority found that 99.5% of the revenue generated by the filing fee was being paid to programs other than the judiciary. Id.
Justice Gonzalez, dissenting from the Texas court's majority opinion, stated:
 "The court draws a significant distinction on the fact that the fee goes into state general revenues and not into a special fund for the courts. . . . The court thus implies that if [the entire jury fee] went into a special fund for the benefit of the courts, the act would be constitutional. As the state observes, however, a special fund is no more than an accounting device. Since dollars are fungible and more money will be spent on the court system than will be taken in [as jury fees], it is absurd to conclude money collected from fees 'will pay for other programs besides the judiciary.' The state's annual share of the filing fee is expected to be approximately $11,000,000 while the State's annual cost [to fund the judiciary] will be over $52,000,000. As long as the State pays more in financing the judiciary than the courts receive in user fees, the [LeCroy majority's] logic is flawed. This court need not presume that any portion of the fee increase goes to support general welfare programs unrelated to the court system. If any presumption is to be made, it should be in favor of the validity of the statute."
Id. at 345-46 (Gonzalez, J., dissenting).
The opinions of our sister states are merely persuasive authority, and this Court is not bound by the doctrine of stare decisis to follow such decisions. "Such a decision may be considered if it appears to throw light on the question in issue, but it will be followed by the court in the sister state only if the reasoning of the decision is persuasive." 20 Am.Jur.2d Courts § 203 (1965). We decline to adopt the reasoning of the majority of the LeCroy court.
The State's evidence in support of its motion for summary judgment showed that in fiscal year 1989-90 the State, to run the judicial system, spent over $59 million more than the $500,000 collected in jury fees. This Court would have to deny the economic reality of the Legislature's funding of the judiciary in favor of an accounting artifice in order to hold that any portion of the jury trial fees collected by the circuit court clerks actually went to programs, other than the judiciary, funded through the state's general fund. Therefore, we hold that neither the jury trial fee, nor that portion of it that is paid directly into the general fund, is an unconstitutional tax on the right to litigate or on the right to a jury trial in a civil case.
We also hold that the $50 fee is not arbitrary, capricious, or oppressive. The State is required to compensate jurors in civil cases at the rate of $10 a day and $.05 per mile for travel to and from court. §§ 12-19-110 and -210(a), Ala. Code 1975. Because Rule 47(b), A.R.Civ.P., requires that jurors "be selected from a list containing the names of at least 24 competent jurors," the minimum cost incurred by the State for a jury in a civil trial on the first day is $240 plus the cost of mileage. Once the 12-member jury is selected, the minimum *Page 1368 
cost per day is $120 plus mileage. Because the $50 jury fee is only a fraction of the cost to compensate the jury for just one day, we conclude that it is not arbitrary or capricious. Also, the plaintiffs presented no evidence indicating that the amount of the fee is oppressive.[2]
We affirm the summary judgment entered in favor of all defendants.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.
[1] The defendants/appellees represented on this appeal by the attorney general's office are circuit court clerks Conradi, Hackett, and Calhoun. According to the appellees' "Statement of the Case," the other defendants, namely Hunt, Swift, and Childree, are only "nominal" defendants and have taken no active role in the defense of this action.
[2] We note that the fee can be waived if the plaintiff is indigent. § 12-19-70(b), Ala. Code 1975.