MADDOX, Justice
(concurring specially).
I concur in the majority’s interpretation of the clause in § 6.13, Amendment 328, that refers to the “territorial jurisdiction of their respective courts,” because it is consistent with what this Court said in Cowin Equip. Co. v. Robison Mining Co., 342 So.2d 910 (Ala.1977), that in ratifying the judicial article, the people of this State mandated a unified court system, with uniform rules applicable to all citizens of this State. It is also consistent with my interpretation of Amendment 328 and an Alabama statute relating to jury service in Jefferson County in which the Legislature used the words “a fair cross section of the population of the area served by the court.” See General Motors Corp. v. Hopper, 681 So.2d 1373, 1374 (Ala.1996) (Maddox, J., concurring specially).
In Hopper, the issue concerned § 1 of Act No. 694, now codified as § 12-16-55, which states:
“It is the policy of this state that all persons selected for jury service be selected at random from a fair cross section of the population of the area served by the court, and that all qualified citizens have the opportunity, in accordance with this article, to be considered for jury service in this state and an obligation to serve as jurors when summoned for that purpose.”
(Emphasis added.) In interpreting this statute, I wrote:
“I do not think that it could be fairly debated that the ‘area to be served by the court’ could be interpreted to refer to anything other than a county, because § 12-16-57, codifying Act No. 594, provides that ‘[t]he jury commission for each county shall compile and maintain an alphabetical master list of all persons in the county who may be called for jury duty, with their addresses and any other necessary identifying information.’ (Emphasis added [in Hopper ].)
“The whole concept and purpose of the Judicial Article of our Constitution was the establishment of a Unified Judicial System, with the various courts bearing uniform jurisdiction and with each construing rules of procedure that would be uniform statewide. The jury commission for each county in Alabama compiles and maintains & master list of the names or identifying numbers of all prospective jurors from the county-at large, except Jefferson County (where the list is compiled separately from the Bessemer Division and the Birmingham Division) and Barbour County (where the list is compiled separately from the Clayton Division and the Eufaula Division). The Administrative Office of Courts, using computers, summons all jurors in all counties of Alabama from the master lists provided by the jury commissions. All the forms and rules that this Court has approved are based on the county as a whole, not divisions within the county.
*20 “A fair interpretation of Act No. 694 suggests that the jury lists should be compiled and the selection of juries should be made county-wide, not in a division of a county.”
681 So.2d at 1382-83 (emphasis added) (footnote omitted). See, also, Ex parte Boykin, 611 So.2d 322 (Ala.1992), where this Court held that only under a statewide law could a circuit court create or maintain an equity division.