MURDOCK, Judge,
concurring specially.
On original submission, I wrote separately to comment on my reason for concurring in the result reached by the main opinion. Upon further review of this matter on application for rehearing, I would offer the following comments in place of my previous writing:
For various reasons, I cannot agree with the treatment in the main opinion on original submission of the question of the circuit court’s authority to issue a writ of restitution or a supersedeas bond, and, therefore, I can only concur in the result reached by the main opinion on original submission.
*137 First, I see no need to address the question of whether the circuit court had authority to issue a writ of restitution before hearing the merits of the case before it.[1] The circuit court in this case did not issue a writ of restitution. Indeed, the circuit court denied HABD’s motion of August 29, 2000, in which HABD sought, among other things, the issuance by the circuit court of such a writ.[2]
Second, I cannot agree that either § 6-6-351, Ala.Code 1975, or Rule 62, Ala. R. Civ. P., authorizes the circuit court to require the appealing tenant to post a super-sedeas bond of the nature required by the circuit court in this case. Recognizing that such an order would be, in the words of the main opinion on original submission, “wholly consistent” with the legislative intent that a defendant in an unlawful-de-tainer action continue to make rent payments during the pendency of a de novo appeal is one thing. Actually authorizing the circuit court to issue such an order is another. I do not see in § 6-6-351 language that accomplishes the latter. Nor is there provision for such an order in Rule 62.
On appeal, the tenant does not make the foregoing argument, however, but instead argues that the payment amount reflected in the circuit court’s judgment was not an amount set by the district court. I do not see in the record any indication that the tenant made this argument to the circuit court in response to the landlord’s September 18, 2000, “Motion to Set Bond Pending Appeal.” As the main opinion on original submission correctly notes, we should not consider on appeal arguments not first raised in the trial court. See Andrews v. Merritt Oil Co., 612 So.2d 409 (Ala.1992).[3]
*138 McGhee also argues that § 6-6-351 is unconstitutional. She contends that § 6-6-351 deprives a litigant of the right to a trial de novo in the circuit court. The main opinion on original submission notes that our Supreme Court has determined that requiring a tenant to pay a civil jury trial fee has been held to be constitutional, see Fox v. Hunt, 619 So.2d 1364 (Ala.1993), and submits that “[rjequiring a tenant, as a condition precedent to the tenant’s retaining possession of leased premises during an appeal to the circuit court for a trial de novo in an unlawful-detainer action, to continue making the exact rental payments he or she would be obligated to make in order to comply with his or her lease is no more burdensome to the tenant’s right to a jury trial on the issue of her right to continued possession than is requiring the tenant to pay a civil jury trial fee.” 890 So.2d at 128. I cannot agree with this particular rationale; the aggregate amount of rental payments that must be paid by a tenant could far exceed the amount, set as a civil jury trial fee. Moreover, the question of exactly what “rental payments [a tenant] would be obligated to make in order to comply with his or her lease” is often the very question at the core of the dispute in an unlawful-detainer action.[4]
Again, however, I believe that the main opinion discusses issues which need not be discussed in order to resolve the present case. Section 6-6-351 is directed to the district court, and it authorizes the district court to issue a writ of restitution, albeit a writ of restitution that is not enforceable in the event the defendant makes certain prescribed rental payments. The order in question in the present case was issued by the circuit court and was not a conditional writ of restitution issued pursuant to § 6-6-351. Rather, as noted above, it was an order for an appeal bond issued by the circuit court in response to a motion filed by HABD that relied upon Rules 7 and 8, Ala. R.App. P. Accordingly, the question of the constitutionality of the scheme outlined in § 6-6-351 is not presented in this appeal.
In light of the foregoing, I continue to agree with the result reached by the main opinion on original submission, and I concur in overruling the application for rehearing.

. The main opinion on original submission poses this question, and then answers it in the affirmative, citing Wright v. Hurt, 92 Ala. 591, 9 So. 386 (1891). Wright v. Hurt does not stand for this proposition; instead, it affirms the right of a circuit court, upon conducting a trial de novo of an unlawful-detainer action in which the plaintiff has prevailed in the lower court but in which the defendant has prevailed in the circuit court, to issue a "writ of re-restitution” placing the defendant back into possession of the property. 92 Ala. at 594, 596, 9 So. at 387 (holding that "the Circuit Court was authorized to undo what had been done under the process issued on the unwarranted judgment of the justice of the peace, and that the writ of restitution was an appropriate method of accomplishing this result”).
Further, I do not see authorization in § 6-6-351, Ala.Code 1975, for the trial court to issue a writ of restitution before hearing the merits of a case on appeal to it de novo from the district court. Nor do I read Adams v. Birmingham Towers, Ltd., 709 So.2d 1286 (Ala.Civ.App.1998), which focused only on the requirement that the district court be the court that must set the monthly rental amount contemplated under § 6-6-351, as foreclosing a negative answer to the question posed.

. In its August 29, 2000, motion, HABD asked the circuit court to amend the district court's judgment, nunc pro tunc, so as to reflect the monthly rent amount, or to remand the case to the district court to allow it to do so, or to issue a writ of restitution itself.

. In response to HABD’s August 29, 2000, "Motion to Correct Judgment,” McGhee did argue that the district court "is to set the rent/appeal bond that the tenant is to pay during the pendency of her appeal [to the circuit court] in order to remain in possession,” and that "[i]f the district court does not set a bond the circuit court has no authority under [§ ] 6-6-351 to issue a writ of restitution.” The circuit court denied the motion of HABD to correct the judgment in response to which McGhee made these arguments.
Subsequent to the denial of HABD’s "Motion to Correct Judgment,” HABD filed on September 18, 2000, a separate "Motion to Set Bond Pending Appeal,” in which HABD asked that the circuit court "set a bond in such sum as the court may prescribe pending appeal/trial de novo of the district court judgment” and "that McGhee be required to begin making monthly rent payments ($71.00) as required until the case is tried.” The record reflects no argument in opposition, or other *138 response of any nature by McGhee, to this subsequent motion. The circuit court granted this subsequent motion on September 27, 2000.
I also note that the September 18, 2000, motion stated that it was being made pursuant to Rules 7 and 8, Ala. R.App. P. No argument was made to the circuit court, and none is made to this court, that these rules do not authorize the setting of an appeal bond for an appeal from a district court to a circuit court for a trial de novo.

. The main opinion on original submission also ''conclude[s] that § 6-6-351 bears a rational relationship to a legitimate state interest.” 890 So.2d at 128. The appropriate test for determining the constitutionality of a fee or expense such as that at issue in this case, however, is not whether it bears some ration- . al relationship to a legitimate state interest, which such a fee undoubtedly would in most cases, but whether it unduly burdens a litigant’s right to a jury trial.