# King *v.* Sawyer, *et al.*

*Action for Damages Against Justice of Peace and his Official Bond.*

(Decided April 11, 1911. 55 South. 320.)

1. *Pleading; Demurrer; Sufficiency.*—When tested by demurrer, pleadings are to be taken and construed most strongly against the pleader.

2. *Justice of the Peace; Action on Bond; Complaint.*—The mere filing of a supersedeas and appeal bond in an unlawful detainer suit does not oust the jurisdiction of the court to issue writ of restitution; it requires some official act of the court in taking and approving such bond; and hence, a complaint against a justice of the peace and his official bond for the wrongful issuing of a writ of restitution after the filing of supersedeas and appeal bond must allege that said bonds were approved in order to state a cause of action.

3. *Same: Liability for Official Act; Judicial Act.*—The approval or refusal to approve a bond provided by section 4281, Code 1907, by a justice of the peace is a judicial act within the rule that a judicial officer is not liable for damages for erroneous rulings in his judicial capacity while acting within his jurisdiction.

4. *Same; Action on Bond; Pleading.*—Section 4281, Code 1907, contemplates that the yearly rental value of the premises shall be fixed by the justice of the peace, and that he shall pass upon the sufficiency of the sureties on the appeal or supersedeas bond, and hence, a complaint against a justice of the peace and his official bond for wrongfully issuing a writ of restitution in an unlawful detainer suit after the filing of supersedeas and appeal bond should allege that the justice fixed the amount of the yearly rental value of the premises, or that he passed upon the sufficiency of the sureties. and failing therein is insufficient.

5. *Same; Refusal to Approve Bond; Remedy.*—Where a justice of the peace refuses to approve supersedeas and appeal bonds filed in time for the purpose of taking an appeal therefrom, the party ag-

[King v. Sawyer, et al.]

grieved must apply to the probate judge who has authority to issue certiorari for the removal of the cause from the justice to the circuit court.

APPEAL from Monroe Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by Will King against William Sawyer and the sureties on his official bond; for damages for the wrongful issue of a writ of restitution in an unlawful detainer suit after the filing of the supersedeas and appeal bond. From a judgment sustaining demurrers to the complaint, plaintiff appeals. Affirmed.

HYBART & SOWELL, for appellant. No brief reached the Reporter.

McCORVEY & HARE, for appellee. The inquiry is whether or not the act was an exercise of the jurisdiction or authority conferred by law.—*Coleman v. Roberts*, 21 So. 429. The duties contemplated by section 4281, clearly call for a judicial act, and not a mere ministerial function.—*Lacey v. Hendricks*, 51 So. 157; *Burgin v. Sullivan*, 151 Ala. 416; *Early v. Fitzpatrick*, 49 So. 686; *Scott v. Ryan*, 22 So. 284; *Hurd v. Harris*, 68 Ala. 43, and cases there cited. The complaint could not have been so drawn as to charge an actionable offense on the facts alleged and hence, there is no error in sustaining a demurrer, or if error, it was without injury. —*Sunflower Co. v. Turner Co.*, 158 Ala. 191; *Schuler v. Fisher*, 52 So. 390; *Ryall v. Allen*, 143 Ala. 222, and authorities supra.

DE GRAFFENRIED, J.—This suit was brought against the defendant, appellee here, and the sureties on his official bond as a notary public and ex officio justice of the peace. The complaint alleges that said notary public and ex officio justice of the peace "wrong-

[King v. Sawyer, et al.]

fully issued a writ of restitution on a judgment render-
ed in his court on, to wit, January 22, 1910, in the case
of J. B. Morris against plaintiff, for unlawful detainer,
after said plaintiff had filed a supersedeas bond and
appeal bond with the said defendant, conditioned and
payable according to law and within the time of appeal
in such cases and before the issuance of said writ of res-
titution, and said bonds were executed by plaintiff with
sufficient sureties; that by reason of said William Saw-
yer wrongfully issuing said writ, he, plaintiff, was eject-
ed from his house at night and ousted from said land;
he was forced to go out at night with his family, besides
losing the opportunity of occupying said house with his
family and farming on said land from February 12,
1910, up until the time his title to said land could be
adjudicated by the proper courts of Alabama; or until
his lease expired on said land, which will be, to wit,
January 1, 1912, which said lease was dated November
14, 1908, and was for value." There was a demurrer
to the complaint on several grounds; the last ground
raising the question as to whether the complaint made
out a cause of action. The court sustained the demur-
rer, and the plaintiff appeals.

Pleadings, on demurrer, are to be taken most strong-
ly against the pleader, and it will be noted that, while
the complaint alleges that "plaintiff had filed a super-
sedeas bond and appeal bond with the said defendant,
conditioned and payable according to law and within
the time of appeal in such cases and before the issuance
of said writ of restitution, and said bonds were execut-
ed by plaintiff with sufficient sureties," it is nowhere
alleged in the complaint that said bond or bonds were
ever approved by said justice of the peace. It may be
that said bonds were, in fact, all that was claimed for
them in the complaint; but, until their approval by the

justice, they were insufficient to oust the jurisdiction of the court to issue the writ of restitution. The approval of, or the refusal to approve, a bond under section 4281 of the Code of Alabama by a justice of the peace, or other officer authorized to approve such bond, is a judicial act, and there is no principle more firmly established than that a judicial officer is not liable in damages, however erroneous may be his rulings, for any act done by him in his judicial capacity while acting on matters within his jurisdiction. A contrary rule would destroy the independence of the judiciary. The case of *Ex parte Harris,* 52 Ala. 87, 23 Am. Rep. 559, is conclusive on this point. While the opinion in that case referred to official bonds, its entire reasoning is equally applicable to the case under discussion.

It will be noticed that section 4281 of the Code provides that an appeal does not prevent the issue of a writ of restitution, unless the defendant also execute bond with sufficient sureties, payable to the plaintiff, in the sum of twice the yearly value or rent of the premises, to be ascertained by the justice of the peace. The statute clearly contemplates that the yearly rental value of the premises shall be fixed by the justice of the peace, and that also he shall pass upon the question of the sufficiency of the sureties on the bond. It will be noticed that the complaint nowhere alleges that the justice of the peace fixed the amount of the yearly rental value of the premises, and it nowhere alleges that he passed upon the sufficiency of the sureties on the alleged bonds.

The law provides a remedy for a party aggrieved by such refusal of a justice of the peace to approve such bond, in that it authorizes the judge of probate of the county, upon application to him, to cause a certiorari to be issued for the removal of the cause from the court of the justice of the peace to the circuit court of the

county. Speaking upon this subject, the Supreme Court, in the case of *Ex parte Grant & O'Barr,* 53 Ala. 16, says: "In such a case, the law authorized the judge of probate of the county, upon application to him, to cause a certiorari to be issued for the removal of the cause from the court of the justice of the peace to the circuit court of the county. And this, being but a substituted method, instead of that by appeal, when the latter is denied, of removing the cause from the jurisdiction of the magistrate, for review, and of preventing the execution in the meantime of the judgment rendered by him, should so operate as to put the parties in the same plight and condition in which they would have been if the appeal had been granted. It was proper, therefore, for the judge of probate, as an incident to his power to cause the writ of certiorari to be issued, to cause also a writ of supersedeas to go to the sheriff, upon the execution of a bond according to law, requiring him to desist from the execution of the judgment of the justice, and to restore possession of the premises to the petitioners.—*John v. State,* 1 Ala. 95."

There are several other questions presented by this record, but it is unnecessary to consider them. The court properly sustained the demurrer, and the judgment of the lower court is affirmed.