L. CHARLES WRIGHT, Retired Appellate Judge.
The plaintiff sought in the district court a writ of possession pursuant to § 6-6-351, Code of Ala.1975. The district court refused to issue the writ. The landlord appeals to this court on a stipulation of facts and question of law pursuant to § 12-12-72, Code of Ala.1975. The question certified is as follows:
“In an action of unlawful detainer where a judgment is rendered in favor of the landlord, and where thereafter a Notice of Appeal of said judgment is timely filed and the case is transferred to the Circuit Court and thereafter when the landlord files a Motion for Writ of Possession in the District Court pursuant to Section 6-6-351, Code of Alabama 1975, alleging that Defendant/Appellant failed to execute a bond as provided by Section 6-6-351, Code of Alabama 1975; in this situation, does the District Court have the jurisdiction or authority to ascertain whether a bond, as mentioned above, was executed and if the District Court determines that such bond was not executed, issue a writ of restitution or possession as provided in Sections 6-6-351, -357, Code of Alabama 1975?”
The answer to the last part of the question certified is no. The district court may not issue a writ of restitution or possession of the property sued for after the filing of a proper and timely appeal de novo to the circuit court, even though no supersedeas bond was filed in the district court. Part one of the question relating to the determination by the district court of whether a supersedeas bond had been filed is rendered moot by an answer to part two of the question.
A complete discussion of the basis of our answer to the question certified is to be found in the opinions of the Alabama supreme court rendered in the cases of King v. Sikora, 368 So.2d 10 (Ala.1979), and Ex parte Forbus, 510 So.2d 242 (Ala.1987), particularly the latter. Therefore, any further discussion of the question by this court would be repetitive only.
The answer to the certified question is in the negative.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court. AFFIRMED.
All the Judges concur.