Calvin Adams appeals from a judgment of the Jefferson County Circuit Court issuing a writ of restitution in favor of Birmingham Towers, Ltd., to enforce a judgment of the Jefferson County District Court in favor of Birmingham Towers on its claim of unlawful detainer. We reverse and remand.
On December 20, 1996, Birmingham Towers filed a complaint in the district court, seeking possession of an apartment it had previously leased to Adams. In its complaint, Birmingham Towers alleged that Adams no longer had the right to possession of the premises because of several breaches of the parties' lease agreement; that Adams's right of possession of the apartment had been terminated by proper written notice; and that Adams had failed to vacate the premises after receiving a demand to vacate. Birmingham Towers also sought $250 in damages for late charges, interest, and attorney fees. Adams answered and counterclaimed for $10,000 based upon Birmingham Towers' alleged breach of the lease agreement and interference with quiet enjoyment of his tenancy.
The district court conducted an ore tenus hearing and entered a judgment restoring possession of the apartment to Birmingham Towers; awarding it $2,108 in damages; and denying Adams's counterclaim. Adams filed a notice of appeal, seeking a jury trial de novo in the circuit court. He filed with that court an affidavit of substantial hardship, including a request for waiver of prepayment of the circuit court docketing fee; that request was granted. Birmingham Towers moved to amend its complaint to increase the amount of damages it claimed and moved for an expedited trial.
Birmingham Towers then moved the circuit court for a writ of restitution, seeking possession of the apartment pending the outcome of the appeal. In its motion, Birmingham *Page 1287 
Towers alleged that Adams had not complied with § 6-6-351, Ala. Code 1975, because he had not paid the clerk of the district court the rents called for under the terms of his lease since the filing of the complaint in the district court. The circuit court held a hearing on this motion and entered an order issuing the writ of restitution, declaring that Birmingham Towers was entitled to possession of the apartment. It certified this order as a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P., and it stayed enforcement of its judgment pending the outcome of Adams's appeal to this court. The parties' damages claims remain pending in the circuit court.
Adams raises several issues concerning the right of a plaintiff who prevails in an unlawful detainer action filed in the district court to enforce that judgment by a writ of restitution during the pendency of an appeal to the circuit court for a trial de novo. We find dispositive his argument that the district court did not determine the amount to be paid into court, and that a writ of restitution may not be issued during the pendency of an appeal for trial de novo unless such a determination is made.
In considering this issue, we first summarize the historical development of the current version of § 6-6-351, Ala. Code 1975, under which Birmingham Towers claims it is entitled to a writ of restitution. The original version of § 6-6-351 dates from the 1852 Code, and thus predates the adoption of the Alabama Rules of Civil Procedure. Before it was amended by Act No. 96-573, 1996 Ala. Acts, § 6-6-351 read as follows:
 "In cases of forcible entry or unlawful detainer, an appeal does not prevent the issue of a writ of restitution or possession unless the defendant also executes bond, with sufficient sureties, payable to the plaintiff in the sum of twice the yearly value of the rent of the premises, to be ascertained by the judge, with condition to pay the plaintiff all such damages as he may sustain by the prosecution of the appeal."
In Ex parte Forbus, 510 So.2d 242 (Ala. 1987), our Supreme Court considered the vitality of this section in light of the adoption of the Rules of Civil Procedure. The Forbus court opined that § 6-6-351, as then in effect, was a procedural statute and not a substantive statute, and thus had been superseded by the adoption of Rule 62(dc)(5), Ala. R.Civ.P.;[1] it concluded that "compliance with Rule 62(dc)(5), upon filing the notice of appeal, automatically stays the execution of a district court judgment for possession, as a matter of law, pending an appeal to the circuit court." 510 So.2d at 244.
Thus, under Forbus, a prevailing plaintiff could not execute upon the judgment of the district court by obtaining a writ of restitution if the defendant had appealed the judgment and had complied with Rule 62(dc)(5). See, e.g., Cullman Ctr. Assocs.,Ltd. v. Harbison, 514 So.2d 1040, 1040 (Ala.Civ.App. 1987) ("The district court may not issue a writ of restitution or possession of the property sued for after the filing of a proper and timely appeal de novo to the circuit court, even though no supersedeas bond was filed in the district court.").
In 1996, the legislature, acting pursuant to its power to change rules governing the practice and procedure in the courts of this state by enacting a general act of statewide application (see Ala. Const. of 1901, amend. 328, § 6.11), amended § 6-6-351 so as to restore the power of a court to issue a writ of restitution during the pendency of an appeal of an unlawful detainer judgment entered by the district court. As amended, § 6-6-351 reads as follows:
 "(a) Notwithstanding any other provisions of law or of the Alabama Rules of Civil Procedure, in cases of forcible entry or unlawful detainer, an appeal to circuit court or to appellate court does not prevent the issue of a writ of restitution or possession unless the defendant pays to the clerk of the district court all rents called for under the terms of the lease, since the date of the filing of the action and continues to pay all rent that becomes due and payable under the terms of the lease as they become due, during the pendency *Page 1288 
of the appeal, and the sums are to be ascertained by the judge.
 "(b) If the defendant should fail to make any payments as they become due under subsection (a), the court shall issue a writ of restitution or possession and the plaintiff shall be placed in full possession of the premises.
 "(c) Upon disposition of the appeal, the court shall direct the clerk as to the disposition of the funds paid to the clerk pursuant to subsection (a)."
In essence, Act No. 96-573 effected a limited legislative repeal of Rule 62(dc)(5): it restored the ability of an unlawful detainer plaintiff to execute on a favorable district court judgment during the pendency of an appeal to the circuit court if the appealing defendant does not provide adequate security to supersede the judgment. However, the security is now calculated based upon a defendant's actual monthly rent obligation accruing since the filing of a complaint in the district court rather than the yearly rental value of the premises at issue. See § 6-6-351(a).
Even as amended, however, § 6-6-351 retains the requirement that the "sums" payable to the district court clerk during the pendency of the appeal are "to be ascertained by the judge." In considering the effect of this language, our predecessor court opined in King v. Sawyer, 1 Ala. App. 439, 55 So. 320 (1911), that § 6-6-351 "clearly contemplates that the yearly rental value of the premises shall be fixed by the justice of the peace," which today would be the judge of the district court.[2]1 Ala. App. at 442, 55 So. at 321 (emphasis added). Thus, a court's power under § 6-6-351 (as amended) to issue a writ of restitution or possession during the pendency of an appeal for trial de novo, notwithstanding Rule 62(d)(5), is expressly conditioned upon the district judge's having made a judicial determination of the sums to be paid by the defendant while his or her appeal is before the circuit court.
In this case, the district court's judgment simply directs that the apartment occupied by Adams be restored to Birmingham Towers and awards Birmingham Towers damages of $2,108. The record does not indicate that the district court has ever ascertained the specific sum of Adams's monthly rental obligation accruing since December 20, 1996, the filing date of Birmingham Towers' complaint in the district court. Additionally, there is no transcript of the district court trial appearing in the record that might indicate whether the district judge announced such a figure in open court. Of course, the district court's award of damages in the amount of $2,108 may, as Birmingham Towers contends, have been intended to compensate it for 17 months of rent arrears at a contract rent of $124 per month,[3] rather than for some combination of rent arrears and other damages. Nevertheless, we cannot conclude that the district judge has ever ascertained what portion of the damages award represents a rent arrearage that must be paid to the district court clerk during the pendency of the appeal in the circuit court, nor what amount must be paid each month thereafter.
Because the sums Adams must pay to the district court clerk during the pendency of his appeal to the circuit court have not been ascertained by the judge of the district court, as required by § 6-6-351, Ala. Code 1975, we conclude that the circuit court was without jurisdiction to issue the writ of restitution under that statute. Therefore, we reverse the judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] Rule 62(dc)(5) applies to district court judgments; it generally provides that an appellant may obtain a stay by giving either a bond for costs or an "affidavit of substantial hardship, approved by the court, in lieu of said bond."
[2] Codifications of § 6-6-351 before 1975 provided for ascertainment of the rental value by the "justice of the peace," an office supplanted under the Unified Judicial System by that of the district judge. Compare Ala. Const. 1901, § 168with Ala. Const. 1901, amends. 323 328.
[3] On the same basis, the circuit court, believing the district court to have awarded damages of $2,180, rather than the actual award of $2,108, opined that the district court's judgment had "ascertained that [Adams] owed $130 per month." However, Birmingham Towers had sought an award of late charges, interest, and attorney fees. *Page 1289