YATES, Presiding Judge.
Jacques Lovejoy appeals from a judgment of the Jefferson County Circuit Court issuing a writ of restitution in favor of Intervest Corporation to enforce a judgment of the Jefferson County District Court in favor of Intervest on its claim of unlawful detainer. We reverse and remand.
On March 15,1999, Lovejoy entered into a lease agreement with Intervest to rent an apartment. Intervest provides federally subsidized housing under Section 8 of the Rental Assistance Program of the Department of Housing and Urban Development (“HUD”). This federal program aids low-income people in paying for housing, and it based their portion of the rent payment on their income. The majority of the rent is paid by HUD directly to the landlord. 42 U.S.C. § 1437f. The rent for Lovejoy’s apartment was $538 per month, although Lovejoy’s portion of the rent was only $20 per month, based on her income. The remainder of Lovejoy’s rent was paid by HUD. On August 3, 1999, Lovejoy’s portion of the rent was reduced to zero because of a reduction in her income.
On October 1, 1999, Intervest terminated Lovejoy’s lease, on the basis of disruption of “livability of the project” and “interference with the management of the project.” On November 19, 1999, Inter-vest filed an unlawful-detainer action against Lovejoy. Intervest did not seek rental payments from Lovejoy; however, Intervest did seek $122 in court costs. On February 11, 2000, the district court found in favor of Intervest, based on briefs submitted by both parties. The district court found that $1,799.56 in rent had accrued since the date of the filing of the unlawful-detainer action. The district court entered a final judgment for Intervest, “with leave to prove damages against [Lovejoy] on the money claim.”
On February 25, 2000, Lovejoy moved to alter, amend, or vacate the judgment. After conducting a hearing, the district court denied the motion. On March 9, 2000, Lovejoy timely filed a notice of appeal to the circuit court for a jury trial. However, Lovejoy did not pay into court the amount of the payments ascertained by the district court in its judgment dated February 11, 2000 to be due, i.e., $1,799.56.
Intervest petitioned the circuit court for a writ of possession, allowing it to reclaim the apartment, because Lovejoy had failed to pay into court any money pending the appeal. Lovejoy filed in the circuit court a motion for a reduction of the appeal bond *1207 and a motion for a stay. Lovejoy argued that her portion of the rent was zero and, therefore, that no rent could have accrued. She also contended that HUD regulations allow a landlord to recoup all rent payments of the subsidy through the date that the tenant remains on the premises, regardless of the outcome of the appeal.
On April 26, 2000, the circuit court denied Lovejoy’s motion for a reduction of the bond and denied the motion to stay, and it granted Intervest’s petition for a writ of possession. It certified its order as final, pursuant to Rule 54(b), Ala.R.Civ.P. On May 1, 2000, Lovejoy filed motions to stay enforcement of the writ of possession; to allow Lovejoy to remain in her apartment; to set a supersedeas bond; and to be allowed to proceed in forma pauperis. On that same day, the circuit court granted Lovejoy’s motion to stay enforcement of the writ of possession, and set the superse-deas bond at $10 and ordered that Lovejoy be allowed to proceed in forma pauperis.
On appeal, Lovejoy argues that the circuit court erred in issuing the writ of possession based on her failure to, pay the sums ascertained by the district court pursuant to § 6-6-351, Ala.Code 1975.
In 1996, the legislature amended § 6-6-351 to read as follows:
“(a) Notwithstanding any other provisions of law or of the Alabama Rules of Civil Procedure, in cases of forcible entry or unlawful detainer, an appeal to Circuit Court or to appellate court does not prevent the issue of a writ of restitution or possession unless the defendant pays to the clerk of the district court all rents called for under the terms of the lease, since the date of the filing of the action and continues to pay all rent that becomes due and payable under the terms of the lease as they become due, during the pendency of the appeal, and the sums are to be ascertained by the judge.
“(b) If the defendant should fail to make any payments as they become due -under subsection (a), the court shall issue a writ of restitution or possession and the plaintiff shall be placed in full possession of the premises.
“(c) Upon disposition of the appeal, the court shall direct the clerk as to the disposition of the funds paid to the clerk pursuant to subsection (a).”
In Adams v. Birmingham Towers, Ltd., 709 So.2d 1286 (Ala.Civ.App.1998), this court held that a landlord who prevailed against its tenant in an unlawful-detainer action in the district court could not enforce that judgment by a writ of restitution while the appeal was pending to the circuit court[1] where the record did not indicate that the district court had ever, pursuant to § 6-6-351, ascertained the amount of the tenant’s monthly rent accruing since the action was filed in the district court. The landlord in Adams based its complaint on several breaches in the parties’ lease agreement, and it sought possession of the apartment, as well as $250 in late charges, interest, and attorney fees. The district court awarded the landlord $2,108 in damages.
In Adams, we discussed the historical development of the current version of § 6-6-351. The original version of § 6-6-531 had dated from the 1852 Code, and, thus, it had predated the adoption of the Alabama Rules of Civil Procedure. Before it was amended, it provided that in order to secure an appeal, the defendant must pay “twice the yearly value of the rent of the *1208 premises” as ascertained by the judge. As we noted in Adams, the supreme court in Ex parte Forbus, 510 So.2d 242 (Ala.1987), had opined that Rule 62(dc)(5), Ala.R.Civ. P., superseded the original version of § 6-6-351, because it was a procedural rule and Rule 62, in effect, did not allow for a writ of restitution or of possession of the property if an appeal had been timely filed along with an affidavit of substantial hardship.
The legislature, in response to For-bus, amended § 6-6-351 to restore the ability of an unlawful-detainer plaintiff to execute on a favorable district-court judgment while an appeal to circuit court is pending if the defendant does not provide adequate security to supersede the judgment. Adams, 709 So.2d at 1287. The security is now calculated based upon the defendant’s “actual monthly rent obligation accruing since the filing of a complaint in the district court rather than the yearly rental value of the premises at issue.” Id., at 1288.
We reversed the judgment in Adams because we could not tell from the record how the district court had calculated its award of damages. The landlord contended that the award was based on 17 months of back rent that had accrued since the complaint was filed, at the rate of $124 per month. However, we could not tell from the record what portion of the damages award was for an rent arrearage that must be paid to the district clerk during the pendency of the appeal in the circuit court. Adams, 709 So.2d at 1288.
Requiring that rent be paid into court pending an appeal under § 6-6-351 serves two purposes. First, it deters frivolous appeals, and second, it provides the landlord with some financial security during the course of litigation. However, that must be balanced with the tenant’s statutory right to appeal and the principle that an excessive bond may not be used to deny a meritorious appeal to a person of modest means.
Lovejoy’s actual monthly rent obligation was zero, based on her amended contract. The market value of the rent was paid by HUD directly to Intervest. However, it appears that the district court included HUD’s portion of the rent in calculating its damage award. To interpret § 6-6-351 to require a person in Section 8 subsidized housing to pay HUD’s portion as well as her own portion before proceeding on appeal would be to effectively deny her right to appeal, because it is clear that such a person does not have the means to pay the total amount of her rent. Love-joy’s amended lease contract with Inter-vest provides that she owes zero for rent on the apartment. It is clear that Inter-vest recognized that Lovejoy was indigent when it accepted her as a tenant under the provisions of Section 8. The circuit court recognized this as well, when it allowed Lovejoy to proceed on appeal in forma pauperis.
Because the circuit court eventually stayed enforcement of the writ, Lovejoy still occupies the apartment. According to Lovejoy, Intervest would be entitled to payment from HUD from any rent that accrues while she remains in the apartment during the appeal, no matter the outcome. Therefore, she says, Intervest is not put at a disadvantage by allowing her to appeal. Also, an occupant of Section 8 subsidized housing is not disadvantaged by having to pay her portion of the rent as provided in the contract while the appeal is pending, because she would be paying that amount even if the action had not been brought.
The judgment is reversed and the cause is remanded.
REVERSED AND REMANDED.
*1209 THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
CRAWLEY, J., dissents.

. The circuit court in Adams, certified its order as a final judgment, pursuant to Rule 54(b), Ala.R.Civ.P., and it stayed enforcement of its judgment pending the outcome of the tenant's appeal to our court.