PITTMAN, Judge.
This appeal concerns the duty of a tenant to pay, and the corresponding right of a landlord to recover, rents due under a lease agreement during the pendency of a de novo appeal to the circuit court from an unlawful-detainer judgment entered by a district court.
In March 2000, the Housing Authority of the Birmingham District (“HABD”) sued a tenant of one of its apartments, Vanessa McGhee (“the tenant”), in the Jefferson County District Court, alleging that the tenant’s lease was due to be terminated and possession of the apartment awarded to HABD because the tenant had allegedly violated provisions in the lease requiring the tenant to avoid “drug and/or criminal activity” on the leased premises; the complaint also sought $14.61 in damages. Although the tenant denied the allegations of HABD’s complaint, the district court, after an ore tenus proceeding, found in favor of HABD.
In a judgment appearing on the district court’s ease action summary sheet, the district court awarded possession of the apartment returned to HABD; it also determined that the tenant owed HABD rent of $71 per month and that $142 in rent — or two months’ rent — had accrued since the filing of the complaint. The district court entered a final judgment awarding HABD the right to possession of the apartment and all accrued rent, but it reserved jurisdiction “on the money claim” for $14.61. However, a second district court judgment form is included in the supplemental record on appeal. That judgment form contains blank spaces for the district court’s determinations concerning monthly and accrued rent; those blank spaces have not been filled in. A comparison of that judgment form with the case action summary sheet suggests that the judgment form was photocopied and superimposed on the case action summary sheet. The version of the form appearing on the case action summary sheet contains handwritten amounts in the blanks provided to reflect the district court’s determinations as to the tenant’s monthly and accrued rent.[1]
The tenant appealed from the district court’s judgment in favor of HABD to the Jefferson Circuit Court and simultaneously filed an affidavit of substantial hardship; that affidavit was approved, and the district court waived the tenant’s prepayment of docket fees. However, HABD sought a writ of restitution from the district court; under Alabama law, that procedure is conditionally permissible, despite the pen-dency of an appeal, under the authority of *125 § 6-6-351, Ala.Code. 1975, which provides as follows:
“(a) Notwithstanding any other provisions of law or of the Alabama Rules of Civil Procedure, in cases of forcible entry or unlawful detainer, an appeal to circuit court or to appellate court does not prevent the issue of a writ of restitution or possession unless the defendant pays to the clerk of the district court all rents called for under the terms of the lease, since the date of the filing of the action and continues to pay all rent that becomes due and payable under the terms of the lease as they become due, during the pendency of the appeal, and the sums are to be ascertained by the judge.
“(b) If the defendant should, fail to make any payments as they become due under subsection (a), the court shall issue a writ of restitution or possession and the plaintiff shall be placed in full possession of the premises.
“(c) Upon disposition of the appeal, the court shall direct the clerk as to the disposition of the funds paid to the clerk pursuant to subsection (a).”
On August 18, 2000, the district court, finding that moneys due from the tenant had not been paid into the court, issued a writ of restitution. However, it appears that HARD did not seek enforcement of the writ and that the tenant remained in the apartment for more than a year after the writ had issued.
After the district court had issued its writ of restitution, the district court'and the circuit court both denied motions filed by HARD to “correct” the district court’s judgment;. the motions were based upon the existence of the blank spaces in the judgment form. The tenant filed a response in opposition to HARD’s circuit-court motion in which she requested that the circuit court declare § 6-6-351 unconstitutional'because, she said, that statute “deprives the tenant of a trial de novo and a trial by jury.” Pursuant to § 6-6-227, Ala.Code 1975, notice of the tenant’s constitutional challenge was provided to the attorney general, who acknowledged the notice and waived his rights to be heard and to further notice with respect to the challenge. HARD then filed a motion requesting, among other things, that the circuit court set a bond for the tenant pending the hearing of the tenant’s appeal; the circuit court granted the motion to the extent that the tenant was ordered to pay $71 (i.e., one month’s rent) within seven days of the entry of the order and to pay $71 by the eighth day of each month that she chose to continue living in the apartment.
The case was then litigated for several months. The parties filed various motions, including cross-motions for a summary judgment, which were denied. The case was ultimately set for a jury trial. However, in May 2002, HARD filed a motion to dismiss the appeal, averring that the tenant had vacated the apartment on May 8, 2002, and that the action was therefore moot. The circuit court granted HARD’s motion and dismissed the appeal with prejudice. The tenant then filed a motion in which, among other things, she sought to recover the moneys that she had paid into court pursuant to the circuit court’s order that she pay monthly rent while her appeal was pending. Although the circuit court initially granted the tenant’s request, it later set aside that order and awarded the funds to HARD. The tenant appeals, contending (1) that she should not have been required to pay rent while her appeal to the circuit court was pending; (2) that the rent moneys should have been disbursed to her after the dismissal of her appeal by the circuit court; and (3) that § 6-6-351 is unconstitutional.
*126 The tenant first contends that the circuit court erred in requiring her to pay $71 per month in rent during the pendency of her appeal from the district court. She claims that under § 6-6-351, as construed in Adams v. Birmingham Towers, Ltd., 709 So.2d 1286 (Ala.Civ.App.1998), the district court must determine the rent due during the pendency of an appeal and that that court must “set or order [a] Bond.” However, a close review of Adams indicates that the tenant’s position is not well taken.
In Adams, which also involved an unlawful-detainer action, the circuit court, hearing a de novo appeal from a district court judgment awarding a landlord possession of an apartment, issued a writ of restitution because the tenant had not paid to the district court clerk the rents called for under the terms of the parties’ lease. This court noted that § 6-6-351, as amended in 1996, “restored the ability of an unlawful detainer plaintiff to execute on a favorable district court judgment during the pen-dency of an appeal to the circuit court if the appealing defendant does not provide adequate security to supersede the judgment.” 709 So.2d at 1288. However, we noted that because the amended version of § 6-6-351 had retained the requirement that “the ‘sums’ payable to the district court clerk during the pendency of the appeal are ‘to be ascertained by the judge,’ ” 709 So.2d at 1288 (emphasis added), and because the Alabama Court of Appeals had held that the term “the judge” meant the judge of the inferior court from which the case had been appealed rather than the circuit court judge, we reversed the circuit court’s judgment issuing the writ because the judge of the district court in Adams had failed to ascertain the tenant’s monthly rental obligation. Id. at 1288 (citing King v. Sawyer, 1 Ala. App. 439, 442, 55 So. 320, 321 (1911)).
In this case, however, the district court judge did ascertain the monthly rental amounts due under the parties’ lease; that court specified in its judgment entered on the case action summary sheet that the rental amount was $71 per month and that a rent arrearage of $142 had accrued since the filing of HAJBD’s complaint. Thus, the requirement of § 6-6-351 that the district court judge ascertain “all rents called for ... since the date of the filing of the action” and “rent that becomes due and payable under the terms of the lease ... during the pendency of the appeal” has been fulfilled.
In disputing our conclusion as to this issue, the dissent notes that in HABD’s motion to correct the “judgment” filed in the district court, HABD averred that the district court had failed to fill in the spaces in the judgment form HABD had submitted; apparently, the dissent concludes that HABD’s statement amounts to evidence supporting the tenant’s contention that “a clerical worker in the district court impermissibly filled in the blanks” in the judgment appearing on the case action summary sheet. The dissent overlooks the fact that the tenant did not make that argument in the circuit court, and therefore cannot now raise it on appeal to this court. “The function of an appeal is to obtain judicial review of the adverse rulings of a lower court.... Issues raised for the first time on appeal cannot be considered.” Beavers v. County of Walker, 645 So.2d 1365, 1372 (Ala.1994). We therefore need not address the tenant’s belated accusations of misconduct against the district court’s personnel.
Even if we could properly review the tenant’s argument, however, we would not find it persuasive. As we have explained, the record indicates that the district court took a photocopied portion of the judgment form submitted by HABD *127 and affixed that photocopied portion onto its case action summary sheet as its judgment; that affixed portion of the form, not the form itself, constitutes the duly entered judgment of the district court under Rule 58, Ala. R. Civ. P. See also Boothe v. Jim Walter Res., Inc., 660 So.2d 604, 607 (Ala.Civ.App.1995) (a draft judgment presented by counsel “has no legal effect until signed by the trial court”). Thus, HABD’s contentions concerning what should have appeared on its proposed judgment form are not properly viewable as proof of omissions in the judgment that was actually entered.
As we noted in Adams, before the 1996 amendments to § 6-6-351, Rule 62(dc)(5), Ala. R. Civ. P., had been held to preclude the issuance of a writ of restitution during the pendency of a de novo appeal to the circuit court by a defendant in an unlawful-detainer case in the district court if the defendant had complied with Rule 62(dc) by filing a cost bond or an approved affidavit of substantial hardship. However, we noted in Adams that the 1996 amendments to § 6-6-351, which restored the ability of an unlawful-detainer plaintiff to execute on a favorable district court judgment unless the appealing defendant provides adequate security to supersede the judgment, had essentially “effected a limited legislative repeal of Rule 62(dc)(5).” 709 So.2d at 1288.
In this case, the district court issued a writ of restitution because the tenant had not paid the rents due under her lease during the pendency of HABD’s unlawful-detainer action and the pendency of her appeal to the circuit court from the district court judgment in favor of HABD. There is no indication in Adams that the circuit court could not have issued a similar writ had the tenant not begun paying into the court the moneys due HABD under the terms of her lease as ascertained by the district court;[2] indeed, Wright v. Hurt, 92 Ala. 591, 9 So. 386 (1891), holds that the circuit court may issue such a writ. That the circuit court elected not to issue such a writ, but instead entered an order that required the tenant to pay rent into the court while HABD’s right to terminate the tenant’s lease for failing to avoid drug and/or criminal activity was on appeal, was wholly consistent with the intent of § 6-6-351 that a defendant in an unlawful-detain-er action continue to make rent payments during the pendency of a de novo appeal to the circuit court.[3]
Not only did the circuit court correctly require the tenant to continue making rent payments into the court during the pendency of her appeal, that court also properly awarded the funds accumulated by the court during the pendency of the appeal to HABD upon the dismissal of the appeal. Section 6 — 6—351(c) specifically provides that “the court shall direct the clerk as to the disposition of the funds” upon “disposition” of the appeal. The dismissal of the tenant’s appeal restored the district court’s judgment in favor of HABD “to full force and effect.” See Alabama Power Co. v. Thompson, 250 Ala. 7, 12, 32 So.2d 795, 800 (1947). Because we have *128 already concluded that the circuit court did not err in requiring the tenant to pay $71 per month into the court, and because one of the purposes of § 6-6-351 is to provide financial security to landlords during the pendency of unlawful-detainer litigation, see Lovejoy v. Intervest Corp., 794 So.2d 1205 (Ala.Civ.App.2001), we conclude that awarding the funds paid into the court by the tenant to HABD (which, after all, could not re-lease the apartment until the appeal was decided) was not erroneous.[4] To hold otherwise, as urged by the dissent, would be to afford the tenant a financial windfall by retroactively permitting the tenant to remain in an apartment on HABD’s property without any payment of rent for over two years, a result we cannot and shall not countenance.
Finally, we reject the tenant’s contention that § 6-6-351 is unconstitutional because, she says, it deprives litigants of their rights to a trial de novo in the circuit court and to a jury trial. As we noted in Adams, supra, in amending § 6-6-351, which had previously been held to be procedural in nature and to have been supplanted by Rule 62(dc)(5), the Legislature acted pursuant to its power under Ala. Const, of 1901, amend. 328, § 6.11, to change rules governing the practice and procedure in the courts of this state through a general act of statewide application. 709 So.2d at 1287. Requiring a tenant, as a condition precedent to the tenant’s retaining possession of leased premises during an appeal to the circuit court for a trial de novo in an unlawful-detainer action, to continue making the exact rental payments he or she would be obligated to make in order to comply with his or her lease is no more burdensome to the tenant’s right to a jury trial on the issue of her right to continued possession than is requiring the tenant to pay a civil jury trial fee, a practice our Supreme Court has held to be constitutional. Fox v. Hunt, 619 So.2d 1364 (Ala.1993). We conclude that § 6-6-351 bears a rational relationship to a legitimate state interest, namely, providing a landlord, who has prevailed on an unlawful-detainer claim in a district court, some economic security when a tenant appeals to a circuit court and demands a jury trial that may not occur for months (or, as in this case, years) after the appeal is filed. See Smith v. Coyne, 555 Pa. 21, 722 A.2d 1022 (1999) (holding that rule which required tenants to deposit rent arrears before appeals could supersede judgments of inferi- or courts in landlord-tenant actions did not violate low-income tenants’ rights to jury trial).
Based upon the foregoing facts and authorities, the judgment of the circuit court awarding HABD the accrued rent paid into the court by the tenant during the pendency of her appeal is due to be affirmed.
AFFIRMED.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., dissents.

. We note that under Rule 58(c), Ala. R. Civ. P., which is made applicable to district courts under Rule 58(dc), "[njotation of a judgment ... on separately maintained bench notes or in the civil docket ... constitutes the entry of the judgment” such that "rendition and entry of judgment occur simultaneously when the trial judge notes the judgment on the case action summary sheet.” Smith v. Jackson, 770 So.2d 1068, 1071-72 (Ala.2000).

. We note that because the clerk of the Jefferson Circuit Court serves ex officio as the clerk of the district court, see Upton v. Mississippi Valley Title Ins. Co., 469 So.2d 548, 552-53 (Ala. 1985); and Ala.Code 1975, § 12-17-160 et seq., payment of moneys to the circuit court clerk would be the equivalent to payment of such moneys to the clerk of the district court as specified in § 6-6-351.

. Whether HABD had remedies available to it to collect the tenant's rent other than by requesting that HABD be awarded the moneys paid by the tenant into the court in lieu of rent, as the dissent suggests, is ultimately immaterial.

. We note, however, that the tenant may properly claim a setoff from HABD in the amount of the $1,349 paid into court in the event that HABD persists in seeking to recover back rent from her (as the tenant, without citation to the record, contends HABD has been doing).