YATES, Presiding Judge,
dissenting.
On March 31, 2000, the Housing Authority of the Birmingham District (“HABD”) sued Vanessa McGhee, one of its tenants, in the Jefferson County District Court, alleging that McGhee no longer had the right to possession of the premises because, according to HABD, McGhee had violated provisions of the parties’ lease agreement relating to avoiding “drug and/or criminal activity.” McGhee denied the allegations. Following ore tenus proceedings on May 22, 2000, the district court found.in favor of HABD. McGhee filed a notice of appeal to the circuit court on May 25, 2000, for a trial de novo. She also filed an affidavit of substantial hardship in lieu of a bond for costs, which the district court approved. See Rule 62(dc)(5), Ala. R. Civ. P.
On August 18, 2000, HABD filed a writ of eviction in the district court because, it claimed, McGhee had failed to pay rent money into the court. On August 23, 2000, the sheriff executed the writ. According to HABD’s brief to this court, a question arose as to whether the amount of rent McGhee was obligated to pay while her appeal was pending had been ascertained; therefore, possession of the premises was restored to McGhee. On August 23, 2000, Faye Rosenbaum, an attorney for HABD, left a telephone message for the district court judge in which she requested that the judge correct the judgment of possession to include the amount of rent McGhee was obligated to pay while her appeal was pending and that he make the corrected judgment retroactive.
On August 24, 2000, HABD moved to correct the judgment stating:
“1. This unlawful detainer claim was filed on March 31, 2000 after defendant’s lease was terminated because of multiple *130 incidents of criminal activity by her family and guests.
“2. Defendant filed an answer, and the matter was tried before the Court on May 19, 2000. After hearing testimony from several witnesses including Col-legeville housing manager James Bill-ingsley, the Court took the matter under advisement. A judgment form restoring legal possession of the unit to HABD was signed by the Court and entered on May 22, 2000.
“3. Through apparent oversight, inadvertence or clerical error, the spaces on the judgment form used for ascertaining the monthly rent obligation and the amount having accrued since the date of filing were left blank.
“4. Per the terms of defendant’s lease, Exhibit A, as adjusted, Exhibit B, her monthly rent is $71.00 per month due and payable on the first day of the month; $142.00 accrued since the date of filing through the date of judgment ($71.00 x 2 months — April and May 2000).
“Wherefore HABD moves this Court to amend the judgment herein to correct the previous omission, nunc pro tunc, effective as [of] the date of entry of judgment for possession in its favor.”
On August 25, 2000, the district court denied HABD’s motion to correct the judgment on the ground that it lacked jurisdiction because McGhee had appealed to the circuit court on May 25, 2000, for a trial de novo.
On August 29, 2000, HABD filed a motion in the circuit court, seeking to correct the district court’s judgment. In that motion, HABD asked the circuit court
“in the interest of justice to amend the judgment herein to correct the previous omission, nunc pro tunc, effective as [of] the date of entry of judgment for possession in [HABD’s] favor, or to remand the matter to [the] Distinct Court to so amend its judgment, and further, to require [McGhee] to pay all amounts due pending appeal to date into the clerk of court immediately or issue a writ of restitution so that HABD can regain possession of the unit, and deem the appeal moot.”
On September 14, 2000, McGhee responded to HABD’s motion, arguing that under Adams v. Birmingham Towers, Ltd., 709 So.2d 1286 (Ala.Civ.App.1998), the district court is to ascertain the amount of rent a tenant must pay during the pendency of an appeal and that, if the district court does not set the amount, then the circuit court lacks the authority to issue a writ of restitution pursuant to § 6-6-351, Ala.Code 1975. McGhee also challenged the constitutionality of § 6-6-351. On September 15, 2000, the circuit court denied HABD’s motion.
On September 18, 2000, HABD filed a motion to set bond pending appeal pursuant to Rules 7 and 8, Ala. RApp. P., and to get an expedited trial date. HABD also requested that McGhee be required to begin making monthly rental payments of $71.
On September 27, 2000, the circuit court entered the following order:
“The Motion To Set Bond, etc., filed 9/18/00 is GRANTED to the extent that Vanessa McGhee is ordered to pay $71.00 per month within 7 days and then to pay $71 per month within 7 days of this first of each month that she lives in [HABD’s] housing unit. [McGhee] may vacate the premises at any time without any additional payment pending the outcome of this action. If [McGhee] fails to comply with this Order she may be held in contempt of court and the Court may order her to vacate the unit pending the outcome of the case.”
*131 Over the course of the next several months, the parties filed various motions, including cross-motions for a summary-judgment (which were denied), and the case was set for a jury trial. However, on May 9, 2002, HABD moved to dismiss the appeal because McGhee had vacated the premises. On May 14, 2002, the circuit court dismissed the appeal. On May 15, 2002, McGhee filed a motion to alter, amend, or vacate the judgment and a motion to release the funds she had paid into the court. The circuit court initially released the funds to McGhee. However, upon rehearing, the court set aside its previous order and ordered that the funds be paid to HABD. McGhee appeals.
Section 6-6-351 provides:
“(a) Notwithstanding any other provisions of law or of the Alabama Rules of Civil Procedure, in cases of forcible entry or unlawful detainer, an appeal to circuit court or to appellate court does not prevent the issue of a writ of restitution or possession unless the defendant pays to the clerk of the district court all rents called for under the terms of the lease, since the date of the filing of the action and continues to pay all rent that becomes due and payable under the terms of the lease as they become due, during the pendency of the appeal, and the sums are to be ascertained by the judge.
“(b) If the defendant should fail to make any payments as they become due under subsection (a), the court shall issue a writ of restitution or possession and the plaintiff shall be placed in full possession of the premises.
“(c) Upon disposition of the appeal, the court shall direct the clerk as to the disposition of the funds paid to the clerk pursuant to subsection (a).”
In Adams v. Birmingham Towers, Ltd., supra, we held that a landlord who prevailed against a tenant in an unlawful-detainer action in the district court could not enforce that judgment by a writ of restitution while an appeal was pending in the circuit court, where the record did not indicate that the district court had ever ascertained, pursuant to § 6-6-351, the amount of the tenant’s monthly rent that had accrued since the action was filed in district court. We also discussed the historical development of § 6-6-351.
The original version of § 6-6-351 was included in the Alabama Code of 1852; thus, it predated the adoption of the Alabama Rules of Civil Procedure. Before § 6-6-351 was amended effective May 20, 1996, it provided that, in order to secure an appeal, the tenant must pay “twice the yearly value of the rent of the premises” as ascertained by a justice of the peace, which today would be a district court judge. As we noted in Adams, the supreme court in Ex parte Forbus, 510 So.2d 242 (Ala.1987), has opined that Rule 62(dc)(5), Ala. R. Civ. P., because it was a procedural rule, in effect, did not allow for a writ of restitution or of possession of the property in an unlawful-detainer action if an appeal from the district court to the circuit court is timely filed and an affidavit of substantial hardship is filed.
The Legislature, in response to Forbus, amended § 6-6-351 to restore the ability of the plaintiff in an unlawful-detainer action to execute on a favorable district court judgment while an appeal to the circuit court is pending if the tenant does not pay all the rent that accrues during the pen-dency of the appeal. In Adams, we held:
“a court’s power under § 6-6-351 (as amended) to issue a writ of restitution or possession during the pendency of an appeal for trial de novo, notwithstanding Rule 62(d)(5), is expressly conditioned upon the district judge’s having made a judicial determination of the sums to be *132 paid by the defendant while his or her appeal is before the circuit court.”
709 So.2d at 1288.
In the present case, HABD moved the district court to correct its judgment by completing the vacant blanks with the amount of the rent due from McGhee. The district court, on August 25, 2000, entered on the case action summary sheet its ruling on HABD’s motion, denying the motion and explaining that it had lost jurisdiction of the case because of the pending appeal to the circuit court. It is notable that the district court’s August 25, 2000, ruling appears on the page following the page on which the notation the majority construes as a complete judgment appears. (See attached appendix.) Further, the notation on the case action summary sheet that the majority seeks to characterize as the district court’s complete judgment is undated. HABD now contends that the rent due for purposes of § 6-6-351 was “ascertained at the district court level,” because, it alleges, an amount for rent was written on the judgment and was subsequently photocopied onto the case action summary sheet.
McGhee contends that a clerical worker in the district court impermissibly filled in the blanks on the judgment when HABD filed its writ of eviction on August 18, 2000. Indeed, in its August 24, 2000, motion to correct the judgment, HABD unequivocally stated that the district court had not ascertained the rent due from McGhee and belatedly sought to correct the judgment, which the district court refused to do. HABD also restored the premises to McGhee. Although the contention as to who filled in the blanks in the judgment form is not in the record, it is clear from HABD’s own motion to correct the judgment and from the trial court’s order denying that motion that the district court judge did not fill in the blanks. Therefore, I disagree with HABD’s contention that the amount of rent due was ascertained by the district court.
Because the district court judge had not ascertained the amount of rent due from McGhee as required by § 6-6-351, the circuit court correctly denied HABD’s motion to correct the district court’s judgment to include such an amount. The issue then becomes whether the circuit court, in response to HABD’s motion to set an appeal bond, had the authority in this unlawful-detainer action to order McGhee to pay rent while the appeal was pending. Section 6-6-351 does not give the circuit court the authority to order McGhee to pay rent during the appeal because the district court had not ascertained the amount of rent due. Accord Adams. This was an appeal in an unlawful-detainer action originally filed in district court in which McGhee had been granted in forma pau-peris status; therefore, the circuit court did not have the authority to set an appeal bond if that is what the court was attempting to do when it ordered McGhee to pay rent while her appeal was pending. See Rule 62(dc)(5), Ala. R. Civ. P. Furthermore, HABD has other remedies available to it to collect any unpaid rent owed by McGhee. Therefore, I would reverse the judgment of the circuit court ordering that the funds be disbursed to HABD. Reversing the judgment of the circuit court would not result in a windfall to McGhee, because she remains liable for any unpaid rent. Instead, HABD will have to collect that rent in a separate action, because it did not comply with the mandates of § 6-6-351 as interpreted by this court in Adams.
*133 [[Image here]]
*134 [[Image here]]
*135 [[Image here]]